## RAGSDALE *vs.* BOWLES.

1. A count, which avers " that the defendant falsely, maliciously, and without probable cause, charged the said plaintiff with the crime of felony, and upon said charge, falsely, maliciously, and without probable cause, caused the said plaintiff to be arrested by his body, and to be imprisoned and kept and detained in prison for a long time, to-wit, for the space of one day then next following, at the expiration of which said time, he the said defendant caused the said plaintiff to be released and set at liberty, and wholly abandoned his said prosecution," is not a good count in case for malicious prosecution, but is a good count in trespass for false imprison ment.

2. If counts in case and trespass be joined, and the defendant demurs to one count only, the demurrer must be overruled. The mis-joinder can be reached alone by demurrer to the declaration.

Error to the Circuit Court of Pickens. Tried before the Hon. Samuel Chapman.

BLISS & BALDWIN for plaintiff in error:

The demurrer of defendant below (plaintiff here) to the 3d count of the plaintiff's declaration, should have been sustained. That count does not aver the manner, nor the fact of the termination of the prosecution, alleged to be malicious.

1. It should have averred that the defendant was acquitted, or, at least, discharged from the prosecution. 2 Ch. Pl. 606, n. p.; 2 Greenl. Ev. § 452; 1 Har. Dig. 1458, § 3; 1 Ch. Pl. 679; 3 U. S. Dig. 1, §§ 6, 7, 8, and p. 4, §§ 81, 85, 90; Turner v. Walker, 3 Gill & Johns. 377; Smith v. Shackford, 1 Nott & McCord, 36; Thomas v. Graffenreid, 2 ib. 143; O'Driscoll v.

Burney, 2 ib. 54; Gorton v. DeAngelis, 6 Wend. 418; Goddard v. Smith, 11 Mod. 56; Patsank v. Marshall, Say 162; Lewis v. Farrall, 1 Stra. R. 114; Parker v. Lankey, 10 Mod. 145; Cole v. Hanks, 3 Monroe, 208; Feazle v. Simpson, 1 Scam. Rep. 32; Young v. Gregory, 3 Call, 446; Goddard v. Smith, 6 Mod. 162; Morgan v. Hughes, 2 T. R. 225; Davis v. Clough, 8 N. H. Rep. 157; Douglass 215, Fisher v. Bristow; 2 Selwyn, 1060; Commonwealth v. Wheeler et al., 2 Mass. R. 172; 7 Cowen 715, McCormick v. Sisson, and authorities cited.

2. The reason is, that there might be a conviction of plaintiff, after his recovery for being maliciously prosecuted—a reason which applies. See cases from Nott & McCord, *supra*, and 1 Stra. 114.

3. Some of the authorities hold that after a *nonsuit* or *nol. pros.* the action will not lie: Parsons, C. J., in 2 Mass. *supra*, saying that in such case the proper action is case for conspiracy. See also, 2 Nott & McCord, *supra*, denying dictum of Buller, J., in Durnf. & E., as to nonsuit being sufficient; and 3 Monroe and 2 Mass. *supra*.

4. The facts must be set out, to enable the court to judge whether the party has been legally discharged. Alleging such discharge, (much less abandoning of prosecution,) is not sufficient. 2 T. R. *supra*, 225; 1 Stra. 114; 3 Monroe, 208; 10 Mod. 145; 2 Nott & McC. 144—referred to above; and other cases before cited.

5. There is nothing unreasonable in the rule. The plaintiff below could have claimed his discharge before the justice.— Besides, he has an ample remedy in another form.

6. Secor v. Babcock, 2 Johns., shows only, that *after* a discharge by the justice, the action will lie; but the authorities seem to require more than this. The case of Cotton v. Wilson, in Minor, 203, was *after* verdict. The Court of Appeals in Virginia (2 Call) doubt, whether the omission of averment of discharge after verdict was cured.

E. W. PECK, for defendant:

The demurrer to the 3d count was properly overruled. The averment of the termination of the prosecution was sufficiently stated. After stating the imprisonment of the defendant in

error, under the charge made against him by the plaintiff in error, the declaration proceeds thus: "and at the expiration of which said time, he, the said defendant, caused the said plaintiff to be released and set at liberty, and wholly abandoned his said prosecution." An averment that the prosecution is ended is sufficient in this action, without stating in what manner it was ended. 1 Campb. 295; 2 Ch. Pl. 286; Secor v. Babcock 2 Johns. Rep. 204; Cotton v. Wilson, Minor Ala. Rep. 203.

DARGAN, J.—This was an action on the case for a malicious prosecution. The defendant demurred to the third count, and his demurrer was overruled, which is assigned as error. The objection to the count is, that it does not aver with sufficient certainty, that the plaintiff was acquitted of the charge preferred against him, or that the prosecution has been terminated by any judicial investigation. The averments are, that the defendant falsely, maliciously, and without probable cause, charged the said plaintiff with the crime of felony; and upon said charge, falsely, maliciously and without probable cause, caused the said plaintiff to be arrested by his body, and to be imprisoned, and kept and detained in prison for a long time, to wit: for the space of one day, then next following, and at the expiration of which said time, he the said defendant caused the said plaintiff to be released, and set at liberty, and wholly abandoned his said prosecution.

It is necessary, in order to sustain this action, to show that the prosecution has been determined and ended, and if this is not shown by the declaration, the defendant may demur. 2 Chitty, 607, & notes; 2 Greenl. Ev. ¶ 452; 3 Gill & Johnson, 377; Morgan v. Hughes, 2 Term Rep. 225. The words employed by the pleader in this case, do not convey the idea with any reasonable certainty, that the charge was investigated judicially. That the defendant caused the plaintiff to be released and set at liberty, and abandoned the prosecution, does not show that the prosecution is ended by the judgment of any judicial tribunal, or that the defendant was discharged, after judicial investigation. The count is therefore bad, considered as a count for a malicious prosecution.

But we incline to think it a good count, if we consider it a

count for false imprisonment, and in this point of view, it is not necessary to examine, whether the form of action is trespass or case, for the demurrer being to this count alone, if it be a good count in trespass, the court should have overruled the demurrer, notwithstanding it is joined with two others in *case.* If counts, in *case* and trespass are joined, and there is a demurrer to one count only, it must be overruled, for the defendant can avail himself of the misjoinder only by demurring to the whole declaration. Chitty Pl. 206; Smith v. Merwin, 15 Wend. 184.

Considering this then, as a count in trespass for false imprisonment, and there is no averment in it that would prohibit its being so considered, the demurrer was properly overruled.

Let the judgment be affirmed.