Sheppard v. Furniss.

---

SHEPPARD *vs.* FURNISS.

1. A count *in case* for a malicious prosecution must aver the issuance of process, properly describing it, and the plaintiff's arrest and im-prisonment by virtue thereof.

2. Case is the proper remedy for the malicious use of process regular-ly issued from a court of competent jurisdiction; but when the pro-ceeding complained of is merely irregular, trespass is the remedy.

3. The form of action adopted by the pleader does not always deter-mine the character of the count; but it may be adjudged a count in trespass, or a count in case, according to the facts stated in it, and the conclusions which the law draws from those facts.

4. A count which avers that the defendant falsely and maliciously

Sheppard v. Furniss.

.made an affidavit in writing, &c., and upon said affidavit falsely and .maliciously caused and procured said plaintiff to be arrested by his body, and to be imprisoned, and to be kept and detained in prison .for a long time, to wit, for the space of ten days then next following, at the expiration of which said time the said plaintiff, in order to procure his release and discharge from said imprisonment, was forced and obliged to, and did, then and there, pay to said defendant a large sum of money, to wit, &c., and was thereupon discharged and released from said arrest and imprisonment, &c., is a good count in trespass.

.5. A count in trespass cannot be united in a declaration with a count in case.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. Robert Dougherty.

THIS was an action of trespass on the case " brought to recover damages of defendant for maliciously and unlawfully causing plaintiff to be arrested under a *cap. ad sat.* sued out at the instance of defendant on a judgment rendered in defendant's favor against Allen M. Sheppard and Robert A. Sheppard, in the Circuit Court of Montgomery County, at the May Term, 1847, and detaining his body in prison for a long space of time, to wit, for ten days."

The declaration contained five counts, the first and second of which are sufficiently described in the opinion. The defendant demurred to the whole declaration for a misjoinder of counts, and to each count separately, and his demurrer was sustained.

ELMORE & YANCEY, for plaintiff in error:

1. The first count is certainly good, and the judgment therefore ought to be reversed, although all the other counts may be defective, because the writ under which the arrest was made is not set out in them.

2. The second count is a good count in case. 1. Because the recital of injury is under a " whereas.—1 Chitty's Pl. 387. 2. Because a motive is alleged, as " maliciously," &c.—Ib. 388, note p. 3. Because the arrest and imprisonment are averred to have been caused and procured " upon said charge and affidavit." It is also averred that upon payment being made, plaintiff was " thereupon discharged." 4. Because the statement of damages is consequential, as injury " to credit and reputation,"—

49

"suffered great anxiety and pain of body and mind,"—"greatly hindered and prevented, by reason of the premises, from following and transacting his business," &c.

Where, in an action on the case for malicious use of process, it is not averred that the acts complained of were done under and by virtue of legal process, yet if it appear that a charge was legally preferred, and it is averred that "upon such charge" the defendant did the acts complained of, it will be presumed that the acts were all done in pursuance of process issued upon such charge.—Hensworth v. Fawkes, 4 Barn. & Adol. 449; (24 E. C. L. R. 102;) Howard v. Banks, 2 Bur. 1113.

In these counts the averments of arrest and imprisonment may properly be made, as in aggravation; and this action may be considered as case for the maliciously making such an affidavit, and thus commencing a malicious prosecution.—4 Barn. & Adol. 449. In determining whether this is a count in case or trespass, the court will look to the whole count, and not to a particular part.—Ib.

3. The second count is not in trespass, 1. Because in trespass injury is stated without any inducement of defendant's motives.—1 Chitty's Pl. 387. 2. Because, in trespass the injury is stated directly, and not by way of recital.—Ib. 3. Because, in statements of trespasses the words "vi et armis" are used.—Ib. 4. Because, in trespass the conclusion is "contra pacem," &c.

The second count then being but a defective count in case, and not a count in trespass, the demurrer for misjoinder of counts should have been overruled; and the first count being good, the demurrer to it and to the whole declaration was improperly sustained.

BELSER & HARRIS, contra:

The first count, if it shows any cause of action at all, is a count in case. The second, if not fatally defective, is certainly a count in trespass, because it shows a forcible injury to the plaintiff occasioned immediately by the act of the defendant.—1 Chitty's Pl. 124-25-26-27, 133, 168.

It is not the title of the form of action which the pleader adopts that determines the nature of the count. The count must be adjudged trespass or case according to the facts stated in it,

and the conclusions which the law draws from those facts. Trespass is the only remedy for a menace to the plaintiff attended with consequential damages, and for an illegal assault, battery and wounding, or imprisonment, when not under color of process.—1 Chitty's Pl. 167. Also, whenever an injury to a person is occasioned by a regular process of a court of competent jurisdiction, case is the proper remedy, and trespass is not maintainable, as for a malicious arrest.—Ib. 133.

In addition to these English authorities, this court has decided two cases which must be conclusive to show that this second count is a count in trespass, and not in case. In Duckworth v. Johnston, (7 Ala. 581,) it is held, that when an injury is done to a person by the regular process of a competent court, although it may have been the result of malice, case is the proper remedy, and trespass is not sustainable; and it is there said, that the warrant being a nullity, "it follows necessarily that it should not have been executed, and the authorities cited conclusively show that not only the officer, but the party who caused it to be issued, is liable in trespass to the plaintiff." In Ragsdale v. Bowles, (16 Ala. 62,) this court expressly decided that a count substantially the same as the second count in this declaration was a count in trespass, and not in case.

No case can be found where case has been held to lie for the arrest and imprisonment of a party, when not under color of process; and the affidavit set out in the second count certainly was not an authority to any person to arrest the plaintiff.

COLEMAN, J.—The declaration in this case contains five counts, and the defendant has demurred to the whole declaration for a misjoinder of counts, and to each count separately.

The first count in the declaration is a count in trespass on the case.

The second count avers that the defendant falsely and maliciously, &c., made an affidavit in writing before the clerk of the Circuit Court of Montgomery County, stating in substance that said Furniss had recovered a judgment in said court against said Robert A. Sheppard, and one Allen M. Sheppard, for the sum of seventy-five dollars damages, besides costs, and that the said Robert A. is about to abscond, and that the said Allen M. Sheppard has absconded, and that bail is not required for the pur-

pose of vexing or harrassing said Robert A., &c. The count avers that upon said affidavit and charge, said defendant then and there, to wit, on the 8th of January, 1849, falsely and maliciously caused and procured said plaintiff to be arrested by his body, and to be imprisoned, and to be kept and detained in prison, &c. There is no averment in the count that any process was issued by virtue of the affidavit, or that the plaintiff was arrested on or by virtue of any process. It is very clear, that to constitute this a good count in case, it should have averred the issuance of process, that the process should have been properly described, and that it should have further averred that the plaintiff was arrested and imprisoned by virtue thereof.—2 Chitty's Pl. 601; 1 H. Bla. 49; 1 T. R. 238.

It cannot be contended that the affidavit set forth in this count, although it authorized the issuance of process, authorized any one to arrest the plaintiff. Whenever an injury to a person is effected by a regular process from a court of competent jurisdiction, though *maliciously* adopted, case is the proper remedy. If, on the other hand, the proceeding complained of was merely *irregular*, as set forth in this count, the remedy is trespass.—1 Chitty 136. But the question arises whether this is a good count in trespass. It is not altogether the form of action adopted by the pleader, which determines the character of the count; it may be adjudged trespass or case according to the facts stated in it, and the conclusions which the law draws from those facts. In the case of Ragsdale v. Bowls, (16 Ala. 62,) it was held that a count which avers that the defendant falsely, maliciously, and without probable cause, charged the said plaintiff with the crime of felony, and upon said charge falsely and without probable cause, caused the said plaintiff to be arrested by his body, and to be imprisoned, and to be kept and detained in prison for a long space of time, to wit, for the space of one day then next following, at the expiration of which time, he, the said defendant, caused the plaintiff to be released, and wholly abandoned his prosecution, is a good count in trespass for false imprisonment. The decision rests on the ground that the averment, that the defendant caused and procured the plaintiff to be arrested by his body and imprisoned, is plainly the averment of a forcible injury, and rejecting as surplusage that part of the count stated as inducement, it becomes a good count in trespass.

We consider the decision in the case referred to decisive of this case, for the material averments in the counts in both cases are substantially the same. It follows that the first count in the declaration being in case, and the second in trespass, there is a misjoinder of counts, and the demurrer was properly sustained.

The judgment is affirmed.