## WILLIAMS vs. IVEY.

[ACTION FOR ASSAULT AND BATTERY AND FALSE IMPRISONMENT.]

1. *Distinction between counts in trespass and case.*—The forms of complaint prescribed in the Code, (p. 554,) "for assault and battery," and "for false imprisonment," are both in trespass.

2. *Relevancy of evidence in trespass.*—In trespass for an assault and battery, and for false imprisonment, evidence of an arrest and imprisonment without legal process, or under legal process which is void on its face, is relevant and admissible; *secus*, as to evidence of an arrest and imprisonment under process which is not void on its face.

APPEAL from the Circuit Court of Lowndes. Tried before the Hon. NAT. COOK.

THE original complaint in this case was in these words:

"Reason Williams } 
vs. } The plaintiff claims of the defendant
Samuel Ivey. } twenty thousand dollars, as damages
for an assault and battery committed by the defendant on the plaintiff, viz., on the 10th January, A. D. 1858.

"The plaintiff claims of the defendant twenty thousand dollars, as damages for maliciously, and without probable cause therefor, arresting and imprisoning him, the said plaintiff, on a charge of larceny, for twenty days, viz., on the 10th January, A. D. 1858. Wherefore he brings this suit."

The defendant demurred to the complaint, for a misjoinder of counts, and the court sustained the demurrer; holding, that the first count was in trespass, and the second in case. The plaintiff then amended his complaint, by striking out the first count; and a trial was had before a jury, on issue joined on the plea of not guilty to the second count.

During the trial, as the bill of exceptions shows, the defendant proved, in substance, that, on the day specified in the complaint, he and his son, Elijah Williams, while riding through the swamp, were stopped by the defendant, who was accompanied and assisted by a white man and two negroes, were forcibly seized and tied, after a severe struggle, and were carried before a justice of the peace, before whom the defendant preferred against them a charge of stealing his hogs, and had a warrant issued for their arrest and imprisonment; and he then proposed to prove the proceedings which were afterwards had under the warrant, up to the time of his discharge. The court excluded this evidence, because the affidavit and warrant of arrest were not produced; and after the plaintiff had closed his evidence, (the defendant adducing no evidence,) the court excluded from the jury, as irrelevant, all the evidence which the plaintiff had introduced; to which several rulings of the court the plaintiff excepted.

The sustaining of the demurrer to the complaint, and the rulings of the court on the evidence, are now assigned as error.

J. KEISTER, for the appellant, cited *Sturdevant v. Gaines*, 5 Ala. 435; *Ragsdale v. Bowles*, 16 Ala. 62; *Sheppard v. Furniss*, 19 Ala. 760.

Williams v. Ivey.

BAINE & NESMITH, *contra*, cited 1 Chitty's Pleadings, m. pp. 134, 202; 1 Chitty's Practice, 48; *Stallings v. Newman*, 26 Ala. 300.

STONE, J.—The first count in the original complaint is a substantial copy of the form furnished by the Code, (page 554,) "for assault and battery," and is clearly a count in trespass. The second count is a copy of the next succeeding form, the caption of which assumes to be "for false imprisonment." The correctness of the ruling of the circuit court, on the demurrer for misjoinder, depends on the inquiry, whether the second count is in trespass, or in case. The circuit court held it to be a count in case. We hold, that it was a count in trespass *vi et armis*, for the following reasons:

*First*—The caption to the form, *for false imprisonment*, indicates the action of trespass, (2 Chitty's Pl. m. p. 857,) and is a very inappropriate designation of *an action on the case for a malicious prosecution.*—2 Chitty's Pl. m. p. 300.

*Second*—The count contains no words descriptive of an arrest under process, or of discharge therefrom, which are essential in a complaint for a malicious prosecution.—*Ragsdale v. Bowles*, 16 Ala. 62; *Sheppard v. Furniss*, 19 Ala. 760.

In the two cases cited *supra*, from 16th and 19th Ala., the declarations contained clearer marks of the action for malicious prosecution, than the second count in the present complaint does; yet, this court ruled each of those counts to be in trespass.

In the trial of the cause, the circuit court proceeded on the opinion, that the second count in the complaint, on which the trial was had, was a count in case. Hence, that court excluded much evidence of assault and battery, imprisonment without process, &c., which was legal evidence in an action of trespass *vi et armis*. This ruling of the court being based on an erroneous judgment as to the form of action, it results that the circuit court erred in this particular. We need scarcely add, that on a trial in *trespass for*

*an assault and battery, and for false imprisonment*, testimony of a prosecution under warrant and arrest, which are not void on their face, is not relevant.—*Duckworth v. Johnson*, 7 Ala. 578; *Crosby v. Hawthorn*, 25 Ala. 221.

Reversed and remanded.