## HOLLY *vs.* CARSON.

[ACTION FOR FALSE IMPRISONMENT.]

39  345
133  278

1. *Distinction between counts in trespass and case.*—The form of complaint prescribed in the Code (p. 554) for false imprisonment, is in trespass, and not in case.
2. *Relevancy of evidence in trespass.*—In trespass, for false imprisonment, evidence of the plaintiff's arrest and imprisonment under process which is not void on its face, and of the proceedings had before the grand jury who investigated the charge preferred against him by the defendant, is irrelevant and inadmissible.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JAS. F. CLEMENTS, sitting (by consent of the parties) in place of the Hon. JOHN K. HENRY, who was incompetent from interest to preside.

THIS action was brought by James W. B. Carson, against Alfred Holly, and was commenced on the 1st August, 1860. The complaint was in the following words: "The plaintiff claims of the defendant ten thousand dollars, as damages

22

for maliciously, and without probable cause therefor, causing the plaintiff to be arrested and imprisoned on a charge of felony, for one day, viz., on the 14th September, 1859." On the trial, as the bill of exceptions states, the plaintiff read in evidence, against the defendant's objection, the affidavit and warrant under which he was arrested; and he introduced two witnesses, Davis and Ganey, who testified to the proceedings had before the grand jury on the charge preferred by the defendant against the plaintiff. The defendant reserved exceptions to the rulings of the court in admitting this evidence, and he now assigns said rulings as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.
MARTIN, BALDWIN & SAYRE, contra.

PHELAN, J.—The complaint in this case, though designed, no doubt, as an " *action on the case for a malicious prosecution,*" and manifestly so considered and treated by the court below, is in fact a complaint in *trespass.* The form of complaint given in the Code at page 554, under the head " *For false imprisonment,*" is the one adopted in this case; and this court has decided, in the case of *Williams v. Ivey,* (37 Ala. R. 244,) that such a complaint is in *trespass,* and not in *case.* To make it "*case for a malicious prosecution,*" it was necessary that it should have contained averments—1st, that the arrest was made under process; and, 2d, that the prosecution was ended and determined.— 2 Chitty's Pl. 206, and notes; *Ragsdale v. Bowles,* 16 Ala. 62. It contained neither.

[2.] In this view of the case, all the testimony introduced by the plaintiff, showing the affidavit of defendant for plaintiff's arrest, the warrant, and defendant's arrest under it, and the giving of bond for his appearance to answer the charge of forgery, were irrelevant, and, had they been objected to, should have been excluded. For the same reason, the testimony of Wm. Davis, of what was said and done before the grand jury, on the charge of forgery made by defendant against the plaintiff; and the testimony of the witness Ganey, in relation to the calculation of interest on

the note in the civil suit between them, out of which the charge of forgery grew, being all irrelevant to the issue, and having been objected to by defendant, should have been excluded by the court.

For this error, the judgment below is reversed, and the cause remanded.