# Rhodes v. King.

*Trespass for Maliciously and without Probable Cause procuring Arrest, &c.*

1. *Trespass for false imprisonment; what sufficient answer to.* — It is a sufficient answer to an action of trespass for maliciously and without probable cause procuring the arrest and imprisonment of plaintiff, that the arrest and imprisonment were made in due course of legal proceeding, by a proper officer, upon affidavit charging the commission of a criminal offence, and that no more force was used than is necessary," &c.

2. *Preliminary proceedings before justice; what not essential on.* — Technical accuracy is not to be exacted on preliminary proceedings before justices of the peace for violations of the criminal laws. If the language employed, according to its ordinary acceptation, will enable a court to gather from it that an offence against the criminal laws has been committed, the process cannot be held void.

3. *Same.* — Accordingly, a plea, in justification of an arrest averring that it was made by a proper officer on a warrant, duly issued by a magistrate, reciting that "the offence of obtaining goods and cotton under false pretences, to the amount of nineteen dollars and eighty cents, has been committed," &c., and based on affidavit charging that "John King [the party arrested and plaintiff in the suit] by false pretences obtained lint cotton of affiant to the amount of nineteen dollars and eighty cents, and that said John King is now in possession of said cotton," was held not subject to demurrer on the ground that no offence was charged, although an "intent to injure or defraud" is the gist of the crime charged.

4. *Plea, erroneous ruling sustaining demurrer to; presumption of injury therefrom.* —

Vol. LII.

[Rhodes *v.* King.]

Where a demurrer is improperly sustained to a special plea, the presumption of injury arises compelling a reversal, unless it clearly appears that the party interposing the plea not only could have had, but did have, under some other plea the benefit of the defence set up by his special plea.

APPEAL from Circuit Court of Lauderdale.
Tried before Hon. JAMES S. CLARK.
The opinion states the case.

PATTERSON & JONES, for appellant.

O'NEAL & O'NEAL, and J. B. MOORE, *contra.* — The plea was bad, because the process, on the facts stated, was void. Mere " false pretence " in obtaining goods is no offence whatever ; there must be an intent to injure or defraud. *O'Connor* v. *State*, 30 Ala. 13. See also *Duckworth* v. *Johnson*, 7 Ala. 580. If the demurrer was improperly sustained to the plea, defendant could have had benefit of his defence under other pleas, and there can be no reversal on that account. 38 Ala. 297 ; 24 Ala. 521 ; 36 Ala. 164.

MANNING, J. — The complaint in this cause is in trespass, for maliciously and without probable cause arresting and imprisoning plaintiff, and for maliciously and without probable cause causing plaintiff to be arrested and imprisoned for the space of three days, in December, 1869, on a charge of obtaining goods, or cotton, under false pretences.

To this, defendant pleaded the general issue, " not guilty," with leave to bring in any special matter. " He pleaded also a special plea, showing that he in December, 1869, by the name of Ham Rhodes, by an affidavit before a magistrate, charged that on or about the 12th day of December, 1869, John King, under false pretences, obtained lint cotton of him, to the amount of nineteen $\frac{80}{100}$ dollars, and that said John King is now in possession of said cotton : " Whereupon said magistrate issued his warrant setting forth that " the offence of obtaining goods and cotton under false pretences to the amount of nineteen $\frac{80}{100}$ dollars had been committed," and John King is accused of the offence, and therefore he orders said John King to be arrested and brought before him to answer to the charge, &c. The plea then goes on to aver that the warrant was delivered by the magistrate to a constable, who in pursuance thereof arrested plaintiff ; that this arrest is the supposed trespass alleged to have been committed by defendant in the complaint, — and that no further force was employed than was necessary to arrest and bring plaintiff before said magistrate. This special plea was demurred to, and the cause of demurrer assigned is,

[Rhodes *v.* King.]

that the affidavit and warrant copied into it did not charge any offence known to the law.    The demurrer was sustained.

The complaint is in the form prescribed by the Revised Code, page 676.    *And it is in trespass.    Williams* v. *Ivey,* 37 Ala. 244 ; *Woodall* v. *McMillan,* 38 Ib. 622 ; *Holly* v. *Carson,* 39 Ib. 345.

If the arrest and imprisonment complained of, were made in a due and proper course of legal proceedings, upon process not void, charging plaintiff King with the commission of a criminal offence, in which the defendant Rhodes was the prosecutor, no action could be sustained against the latter for his participation therein until the prosecution was ended in favor of King. Then if it had been instituted without probable cause and with malice on the part of the prosecutor, King might sue him for malicious prosecution.

This would be an action, not of trespass, but trespass on the case ; in which the record and evidence of the proceedings in the criminal case would be material to support the action. But these are not material — not even relevant or admissible in the action of trespass for false imprisonment.    *Holly* v. *Carson,* 39 Ala. 345.

The plea seems, therefore, to have been designed — by averring that the arrest and imprisonment complained of were made in such a proper legal course of proceeding upon process against King for an alleged criminal offence — to defeat his action, by showing that he, Rhodes, was not guilty of what is technically a trespass by the part he took in that prosecution.

To make the plea available for this purpose, it must show that the prosecution was for what is legally a criminal offence upon valid process.    If the offence charged was no offence in law, the affidavit and warrant, or other process which sets it forth, affords no excuse to any one for an arrest or imprisonment made in obedience to the precept, and any one concerned therein would be a *trespasser.    Duckworth* v. *Johnson,* 7 Ala. 598.

Do, then, the warrant and affidavit sufficiently charge an indictable offence ?

According to section 3714 of the Revised Code, " an intent to injure or defraud " is necessary to constitute the crime of obtaining goods by a " false pretence."    And in an indictment this must be averred.    *O'Connor* v. *The State,* 30 Ala. 9.    But it is not alleged in the warrant or affidavit set forth in the plea.    Is it necessary that it should be ?    The Revised Code, in section 3981, prescribes the form of the warrant and requires it to *designate or describe* the offence.    The warrant set out in the plea does *designate* the offence just as it is desig-

nated at the beginning of section 3714, and as it is generally designated in the law books. This is sufficient. It need not be set forth with the particularity required in an indictment on which the trial is to be had.

Under the provisions of the law in Clay's Dig. (p. 447), like those in section 3978 of the Revised Code, this court held, in *Crosby* v. *Hawthorne* (25 Ala. 223), that "in preliminary proceedings of this nature, which are usually had before justices of the peace, technical accuracy cannot be expected and is not required. It is sufficient, if giving to the language employed its ordinary signification, the court may gather from it, that an offence against the criminal law has been committed or attempted. . . . . We must be content to gather the meaning of the party from the affidavit, and disregard the want of technical accuracy of description." The language of the affidavit in that case was less descriptive of an indictable offence than that in the affidavit in this cause. In *Field* v. *Ireland* (21 Ala. 240), an affidavit charged that goods had been feloniously stolen by some person or persons unknown to affiant; "and that from probable cause he *suspected* such goods were concealed in a trunk" belonging to persons named, "or in or about a boarding-house in Emanuel Street," &c. It was not alleged that the owners of the trunk knew that the goods were in it, or that they were stolen. But the court held that this authorized the magistrate to issue a warrant for receiving stolen goods, &c. See also *Ewing* v. *Sandford*, 19 Ala. 605. The ruling of the court sustaining the demurrer for the cause assigned was an error.

It is insisted that if this be error, it is error without injury; because under the general issue, with leave to bring in any special matter, the same defence could be made. Even if this were so, which is by no means conceded, the demurrer admitted the truth of the plea; and the court held that the facts alleged in it did not constitute a defence to the action. We must presume that it adhered to that opinion throughout the trial, unless the contrary be shown. And if so, it was not only not necessary for defendant to seek to make the same points over again on the trial, but it might have been thought not respectful to do so. The error is shown by the record, and it was not necessary that it should appear again by a bill of exceptions. *Eads* v. *Murphy*, in MS.

In regard to the charge of the court, as no evidence whatever relating to it is set out in the bill of exceptions, we will not undertake to pass upon its correctness.

For the error mentioned the judgment is reversed and the cause remanded.