# Davis v. Sanders.

## Action for False Imprisonment.

1. *False imprisonment; there can be no recovery for malicious prosecution.*—A complaint which claims damages for "maliciously and without probable cause therefor causing the plaintiff to be arrested and imprisoned on the charge of larceny," is an action of trespass for false imprisonment, and under such complaint there can be no recovery for malicious prosecution.

2. *Same; same; character of action not changed by amendment.*
In such a case, the amendment of a count by adding thereto
that "said charge before the commencement of this action has
been judicially investigated and said prosecution ended and
the plaintiff discharged," does not change the character of
the action.

3. *Malicious prosecution; constituents of sufficient complaint.*—An
averment of the issuance of process, properly describing it,
and the plaintiff's arrest and imprisonment by virtue thereof,
is essential to constitute a count for malicious prosecution.

4. *Action for false imprisonment; evidence of plaintiff's character
not admissible.*—In an action to recover damages for false im-
prisonment, where the plaintiff's character has not been as-
sailed, proof of his good character is wholly irrelevant to any
of the issues involved, and such evidence should be excluded.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, Ed.
Sanders against the appellant, Tom Davis, in which he
sought to recover damages for false imprisonment. The
complaint contained two counts, which were as fol-
lows: "1st count. The plaintiff claims of the defend-
ant $3,000 damages for maliciously and without pro-
bable cause therefor causing the plaintiff to be arrested
and imprisoned on the charge of larceny for to-wit,
ten days on to-wit, the 1st day of December, 1899.

"2d count. The plaintiff claims of the defendant $3,-
000 damages for maliciously and without probable
cause therefor causing the plaintiff to be arrested and
imprisoned on the charge of larceny for, to-wit, ten
days on, to-wit, the 1st day of December, 1899; and
plaintiff avers that he was by reason of such arrest con-
fined in the city prison of Birmingham for ten days;
that said city prison was in a filthy, uncomfortable and
unhealthy condition; that same was overcrowded, and
that the plaintiff was exposed while in said prison to
smallpox and confined in said prison where persons
were confined who had smallpox, and was deprived the
privilege of making bond, wherefore plaintiff brings
this suit."

The second count was subsequently amended by add-
ing thereto the following words: "Plaintiff avers that
said charge before the commencement of this action,
has been judicially investigated and said prosecution
ended, and the plaintiff discharged."

[Davis v. Sanders.]

The plaintiff introduced evidence tending to show that upon the complaint of the defendant, he was arrested upon a charge of the larceny of a watch; that he was tried in the inferior criminal court of the city of Birmingham, and discharged.

The defendant introduced evidence tending to show that there was probable cause for him to believe that the plaintiff was guilty of the larceny of the watch as charged.

The plaintiff introduced in evidence the testimony of several witnesses that they knew the plaintiff's character and that it was good.  To the introduction of these witnesses the defendant separately objected, upon the ground that such evidence was immaterial, irrelevant and illegal, and that the character of the plaintiff was not involved in the issue in this case.  The court overruled the objection, and the defendant duly excepted.

Among the charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, was the following: "The jury in this case can not under the evidence find any verdict against the defendant for malicious prosecution."

There were verdict and judgment for the plaintiff, assessing his damages at $500.  The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

H. K. WHITE and JOHN LONDON, for appellant.—The complainant in this case was one in trespass to recover damages for false imprisonment; and, therefore, plaintiff could not recover for malicious prosecution.—13 Ency. Pl. & Pr., 427, 428, 429, note; *Ragsdale v. Bolls,* 16 Ala. 62; *Holly v. Carson,* 39 Ala. 345; *Rhodes v. King,* 52 Ala. 272; *Rich v. McInerny,* 103 Ala. 345; 1 Amer. Leading Cases, 209, 211.

B. M. ALLEN, *contra.*—To support an action for malicious prosecution three things must be shown, to-wit, the institution of the prosecution without probable cause, that it was malicious, that it had been determined.—*McLeod v. McLeod,* 75 Ala. 483; *Ib.* 73 Ala. 42; *Foster v. Napier,* 73 Ala. 595.

[Davis v. Sanders.]

Malice may be inferred from the want of probable cause.—*McLeod v. McLeod,* 75 Ala. 483; *Ewing v. Sandford,* 21 Ala. 157; *Blunt v. Black,* 1 Stewart, 39; *Chandler v. McPherson, et al.,* 11 Ala. 916; *Long v. Rogers,* 19 Ala. 321. If no probable cause in fact existed and the defendant failed to use such precaution as a prudent man would use to ascertain that fact, although he acted entirely without malice, yet in such case malice will be inferred for a want of probable cause.—*Long v. Rogers,* 19 Ala. 321.

The previous good character of the plaintiff may be shown as tending to show that the prosecution was without probable cause.—*Woodworth v. Mills,* 61 Wis. 44. Evidence that the defendant had known the plaintiff for some time before the prosecution was commenced raises the presumption that he knew his reputation.—*Ib.* 58.

DOWDELL, J.—The complaint contained two counts, the first being in Code form (No. 19, p. 946, Code,) for false imprisonment; the second being the same, with additional averments of matters showing aggravation. Both counts are in trespass.—*Ragsdale v. Bowles,* 16 Ala. 62; *Sheppard v. Furniss,* 19 Ala. 760; *Holly v. Carson,* 39 Ala. 345; *Rhodes v. King,* 52 Ala. 272; *Rich v. McInerny,* 103 Ala. 345; 13 Ency. Pl. & Pr., 427, 428-9, note 1.

The amendment of the second count by the additional averment that "said charge before the commencement of this action has been judicially investigated and said prosecution ended and the plaintiff discharged," did not change the character of the count from one in *trespass* for false imprisonment to one in *case* for malicious prosecution. As amended, it was still wanting in averments essential to constitute a count for malicious prosecution. An averment of the issuance of process, properly describing it, and the plaintiff's arrest and imprisonment by virtue thereof, is essential in an action on the case for malicious prosecution. See authorities *supra.* The second count after amendment was wanting in such averment.

The court erred in refusing the second written charge requested by defendant.

The action being in trespass for false imprisonment, the character of the plaintiff was immaterial, and proof by him of his good character, his character not having been assailed, was wholly irrelevant under the issues, and the court erred in allowing this evidence against the objection of the defendant.

For the errors pointed out, the judgment will be reversed and the cause remanded.