[Jones v. Union Foundry Company.]

# Jones *v.* Union Foundry Company.

*Damage for Injury to Employee.*

Decided April 11, 1911.   55 South. 153.)

1. *Master and Servant; Injury to Servant; Risks Assumed; Instructions.*—Where the action was for injury to an employe and the complaint alleged that the roof was defective so that it leaked, and the sand in the gangway became wet, and another employe threw molten metal on the wet sand, causing an explosion, and consequent injury to plaintiff's eye, a charge asserting that the defendant was not an insurer of the plaintiff against risks incident to the business in which plaintiff was engaged, and that the negligence of the other employes was such a risk and one for which the defendant was not liable, was proper, nor was it misleading.

2. *Same; Concurrent Negligence of Master.*—Although the negligence of a fellow servant or some other cause may co-operate with the negligence of the master in causing the injury, yet, to fix liability on the master the injury must result from the negligence of the master, or some servant included in the Employer's Liability Act, continuing in an unbroken sequence.

3. *Same; Negligence; Fellow Servant; Proximate Cause; Burden of Proof.*—In an action for injuries received while in the employment of the master, the servant has the burden of proving that the master's knowledge of a negligent custom of his servants, formed such an unbroken sequence with the negligence of the master in providing a safe place for the work, that the master could not avoid liability for injury resulting from such custom, on the ground that the injury resulted from the negligence of fellow servants.

4. *Charge of Court; Definiteness.*—A charge asserting that the burden is on the plantiff to reasonably satisfy the jury as to the proof of every material allegation in either the first or second count of his complaint, and, if he has not discharged this burden to the reasonable satisfaction of every member of the jury, the jury cannot assess the issue in favor of the plaintiff, was not erroneous in the use of the word "or" instead of the word "and" between the words "first and second" as in the shape the charge was asked, it showed that plaintiff was not required to prove both counts, and the charge did not require the jury to find for the defendant, if every member of the jury was not reasonably satisfied, but only that they could not find for the plaintiff.

5. *Same; Request.*—Where an instruction is correct as a general proposition, but is thought to be too general, the party desiring more specific instructions should request them in writing.

6. *Same; Conformity to Pleading.*—It is proper to refuse charges as to issues not presented by the pleading.

7. *Same; Conformity to Evidence.*—It is proper to refuse charges not supported by the evidence.

15—171.

8. *Appeal and Error; Harmless Error; Instructions.*—A charge asserting that in accepting employment from the master the plaintiff assumed all the risk necessarily incident to the work in which he was engaged, was not prejudicially erroneous in the use of the word necessary, since such term made it stronger in favor of the plaintiff than if the charge had stated that the plaintiff assumed the ordinary risks naturally incident to the work.

9. *Same.*—For the same reason a charge asserting that if the jury are satisfied from the evidence that plaintiff was injured by reason of no negligence on the part of those for whose negligence the master was liable, then he cannot recover, is not error, since the charge as framed, was more favorable to the plaintiff than if the word "reasonably" had been interposed before the word "satisfied."

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN.

Action by A. J. Jones against the Union Foundry Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The judgment resulted in a verdict for the defendant, and the plaintiff made an application for new trial, based upon alleged error in giving certain charges for the defendant, which motion was overruled.

The charges are as follows: (2) "The court charges the jury that the defendant was not an insurer of the plaintiff against risks incident to the business in which the plaintiff was engaged, and that the negligence of Will Dennis was such a risk, and one for which the defendant is not liable." (6) "The court charges the jury that the burden is on the plaintiff to reasonably satisfy the jury as to the proof of every material allegation in either the first or second count of his complaint, and if he has not discharged this burden to the reasonable satisfaction of every member of the jury, the jury cannot find the issue in favor of the plaintiff." (7) "The court charges the jury that the plaintiff, in accepting employment from the defendant, assumed all the risk necessarily incident to the work in which he was engaged, and the defendant in this case was not an insurer of the absolute safety of the plaintiff." (8) "The court charges

[Jones v. Union Foundry Company.]

the jury that a person in accepting employment assumes the risks which are necessarily incident to the work in which he is engaged, and if you are satisfied from the evidence that he was injured by reason of no negligence on the part of the defendant, or those for whose negligence the defendant was responsible, then he cannot recover." (9) "The court charges the jury that the pouring or dropping of iron into the wet sand by Will Davis was the act of a fellow servant, for whose negligence the defendant was not liable; and if the jury was reasonably satisfied that the act of Will Dennis in pouring the iron in the wet sand was the proximate cause of the plaintiff's injury, then the jury should find the issues in favor of the defendant."

The portion of the oral charge excepted to is as follows: "So that, in addition to the averment of negligence on the part of the defendant, the burden is on the plaintiff also to sustain the other allegation that it was a custom of the employees to pour out this molten iron, at least so far as this man, Will Dennis, was concerned, or those in that part of the shop in which the plaintiff was working, those with whom he was jointly engaged there." Also the following: "The burden was on the plaintiff to show that it was the custom to pour molten iron into the gangway."

The court also refused the following charge to the plaintiff: (D) "The court charges the jury that the fact that there was a rule against pouring the drop into the pig bed would be of no value, if they further find that it was the custom of the defendant's employees to violate this rule, with the knowledge and acquiescence of the defendant or its officers or foreman."

WILLETT & WILLETT, for appellant. The court erred in giving the second charge at the request of the defendant.

—*Cothran v. Moore,* 1 Ala. 423; *Goldsmith v. McCafferty,* 101 Ala. 663; *Bernstein v. Humes,* 71 Ala. 260; *Herron v. Skeggs,* 73 Ala. 446. By the use of the disjunctive "or" in charge 6, the charge was rendered defective. Charge 7 was vicious.—*Hutchison v. Tork R. R. Co.* 5 Exch. 343; *St. L. & S. F. R. R. Co. v. Phillips,* 51 South. 638. Similar objections and similar reasons apply to charge 8, in failing to use the word "reasonably" to qualify "satisfied."—*Moore v. Heineke,* 119 Ala. 627; *Coghill v. Kennedy,* 119 Ala. 641; *L. & N. v. Sullivan,* 126 Ala. 103. Charge 9 was faulty.—*S.-S. S. & I. Co. v. Smith,* 52 South. 38; S. C. 40 South 91; *Mobile L. & R. R. Co. v. Walsh,* 146 Ala. 295. The gravest and most palpable error was that committed by the trial court in its oral charge to the jury.—*Lucas v. The Governor,* 6 Ala. 826; *Bank v. Dent,* v2 Ala. 190; *Cole v. Tuck,* 108 Ala. 227; *Davis v. L & N.* 108 Ala. 660; *W. Ry. of Ala. v. McPherson,* 146 Ala. 428; *Petty v. Dill,* 53 Ala. 641; *Oden v. R. & J. R. R. Co.* 94 Ala. 288; *Rogers v. Brooks,* 105 Ala. 549.

KNOX, ACKER, DIXON & BLACKMON, for appellee. Even if charge 2 was misleading no explanatory charge was requested, and hence, the court will not be put in error for giving it.—*Daniel v. Bradford,* 132 Ala. 262; *Green v. So. St. L. Co.* 163 Ala. 576. There was no defect in the 6th charge, as the word, "or" was advisedly used thus showing that it was not on the plaintiff to prove both counts, but the material allegations of one would suffice. Charge 7 is more favorable to the plaintiff than is required.—*S. L. & S. F. R. R. Co. v. Phillips,* 51 South. 638; *Williams v. A. E. & G. Co.* 51 South. 385. Charge 8 was properly given, as was charge 9, even if they may be said to be misleading.—*Green v. Southern States L. Co. supra; Whaley v. Sloss-S. Co.* 51 South.

419. Oral charges are construed as a whole.—*So. Ry. v. Weatherlow,* 51 South. 381; *Owen v. Moxon,* 52 South. 527; *Snedicor v. Pope,* 143 Ala. 291. When so construed, the charge asserted a correct proposition.— *Pensacola E. Co. v. Bissett,* 52 South. 367; LeB. on M. & S., sec 836; 62 N. J. L. 536; 41 N. E. 071; 104 Ind 64; *W. Ry. v. Mutch,* 97 Ala. 194; *D. C. W. & M. Co. v. Mehaffey,* 128 Ala. 242.

SIMPSON, J.—This action is by the appellant against the appellee for damages resulting from an injury to the eye of the plaintiff while working as an employee of the defendant in its foundry. The gravamen of the complaint is that the roof of said foundry was defective, so that it leaked, and the sand in the gangway became wet, and that another employee, after pouring the molten iron into the flask, threw what remained in the ladle ("as was the custom which was known to defendant") on the wet sand in the gangway, causing an explosion which resulted in the injury to plaintiff's eye.

The first count is based on a defect in the ways, works, machinery, or plant (to wit, the leak in the roof), and the second claims for the failure of defendant to furnish a safe place in which to work. The assignments of error relate only to the refusal to grant a new trial, taking up in order the errors claimed in the giving and refusing of charges.

There was no error in the giving of charge 2 at the request of the defendant. It asserted a correct principle of law, and it is not evident to the court that the jury was misled thereby. This court has so often declared the law with regard to misleading charges that, even if this charge was misleading, which we do not decide, it is unnecessary to cite authorities.

There was no error in giving charge 6 at the request of the defendant. The appellant claims that the use of the disjunctive "or" renders it faulty. The absence of the "or" and the substitution of "and" would have made it faulty, but the "or" showed that the plaintiff was not required to prove both counts, but only one of them. The charge did not require the jury to find for the defendant if every member of the jury was not reasonably satisfied, but only that they could not find for the plaintiff.

There was no error in the giving of charge 7 at the request of the defendant. The expression, "all of the risks necessarily incident to the work," made the charge stronger in favor of the plaintiff than if it had stated that the plaintiff assumed the "ordinary risks naturally incident to the work." The charge in *St. L. & S. F. R. Co. v. Phillips,* 165 Ala. 504, 51 South, 638, 643, was held to be too broad, because it held that the defendant assumed "all the risks and dangers incident to working on a locomotive," whereas, under the statute, he does not assume the risk of a fellow servant who is in charge of the locomotive. This court has held that omission of the word "ordinarily" from a similar charge did not render it improper, even though the dangers were not described as those necessarily incident.—*Williams v. Anniston Elec. Co.,* 164 Ala. 84, 51 South. 385, 386, 388. The present charge is more favorable to the plaintiff than charge F, in the case just cited.

Charge 8 also is more favorable to the plaintiff than it would have been if the word "reasonably" had been inserted before the word "satisfies." Therefore there was no reversible error in giving charge 8.

There was no error in giving charge 9, at the request of the defendant. There can be no doubt as to the fact that Will Dennis was the fellow servant of plaintiff, for whose negligence the defendant is not liable, and it fol-

lows that, if the act of said Dennis was the proximate cause of plaintiff's injury, the defendant would not be liable as a general proposition. If the plaintiff thought that this charge was misleading in not hypothesizing that the defendant would be liable for the act of said Dennis, if it was done in accordance with a custom or usage which was known and acquiesced in by the defendant, an explanatory charge could have been requested.

. It must be observed, however, that there is no count in the complaint, relying upon the negligence of the defendant in permitting or acquiescing in such a custom or usage; but, on the contrary, the negligence relied upon is distinctly either the defect in the roof as a part of the plant, or the failure to provide a safe place in which to work, and it is shown by the evidence that the injury could not have occurred from either of said causes, but for the intervening negligence of said fellow servant in pouring the molten metal on the wet sand of the "gangway" in the place of in the "pig bed," the place prepared for it. Mr. Dresser, in his work on Employers' Liability, says: "A proximate cause of any event must be understood to be that which in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred," also "when, however, between the negligent act and the injury a new cause intervenes, one that is independent of the act, springing from a source of its own, the causal connection is broken by it, and the negligent act is too remote. If this intervening agency is a new force, independent of what went before, and sufficient in itself to bring about the injury, then it is not a natural or probable sequence of the negligent act; and, although it may operate upon a state of affairs created by the negligent act, yet, since it neither sprang from that condition, nor was brought into operation by that

condition in a way naturally and reasonably to be anticipated, it must be regarded in itself as the proximate cause of the injury, etc." 1 Dresser's Employers' Liability, p. 79, § 14, and pages 81, 82, § 14.

It is difficult to accurately differentiate the cases on this subject, but it seems that some other cause may cooperate with the negligence of the master in causing the injury, yet the injury must result from the negligence of the master or some servant included in the liability act, continuing in an unbroken sequence, so as to fix liability on the master. This is happily expressed by Chief Justice McClellan thus: "The fall produced the injuries. The injuries produced blood poisoning, and the blood poisoning caused death. There was no break in the chain of causation from the alleged negligent act to the death of the intestate. The blood poisoning was not an independent cause. It was not a superseding cause. It was itself a result, or, perhaps more accurately, a mere development of the injury.—*Armstrong, Adm'r, v. Montgomery Street Railway,* 123 Ala. 249, 26 South. 353. These remarks are appropriate to the parts of the oral charge excepted to, as to which it may be remarked also that the entire oral charge is not set out, so that we cannot judge of it as a whole.

However, even if it could be said that the knowledge of the custom of throwing out the molten metal on the gangway could constitute the act one such as to form an unbroken sequence from the defective roof, which we do not hold, yet, in order, to make out his case, the burden was on the plaintiff to prove this material allegation of the complaint, which was necessary to his recovery.

Charge D was properly refused. There is no evidence tending to show any rule against pouring the metal into the "pig bed," but, on the contrary, that was the place

[Woodward Iron Co. v. Lewis.]

according to the evidence where the rule required it to be poured.

There being no reversible error apparent on the record, the judgment of the court is affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.

