# Grissom *v.* Lawler.

## *Malicious Prosecution.*

(Decided June 3, 1914. 65 South. 705.)

1. *Malicious Prosecution; Pleading; Arrest.*—Under section 5382, Form 20, Code 1907, an allegation as to the arrest of plaintiff under a warrant is a matter material to the description of the cause of action.

2. *Same; Evidence; Warrant.*—In an action for malicious prosecution in the form prescribed by the Code of 1907, making allegation of plaintiff's arrest under a warrant material matter of description, a paper in form of a warrant for plaintiff's arrest, not bearing the signature of any magistrate, was not a warrant under sections 6285, 6704, and 7588, Code 1907, but a mere nullity and inadmissible.

3. *Same; Arrest.*—Where the magistrate, before whom defendant had made affidavit charging plaintiff with burning defendant's barn, was called by plaintiff from saying he wanted to make a bond, and plaintiff filled out the bond and gave it to the magistrate, who did not assume the custody of or restrain the person of plaintiff, there was no legal arrest; a legal arrest involving three elements, authority, intention and restraint of the person.

4. *Same; Instructions.*—Where there was no proof of the allegation as to plaintiff's arrest under a warrant, a charge applicable only to a case where defendant maliciously and without probable cause caused plaintiff to be charged with crime, and to be tried thereon, was properly refused.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Granville R. Lawler against George W. Grissom, for malicious prosecution. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CHENAULT & CHENAULT, for appellant. The affidavit was not admissible in evidence, nor was the warrant —Secs. 6285, 6704 and 7588, Code 1907; *Brown v. State,* 109 Ala. 86. The complaint did not claim attorney's fees as special damages, and hence, they were not re-

coverable.—*Hawkins v. Collins,* 5 Ala. App. 522; *Tutwiler C. & C. Co. v. Tuvin,* 158 Ala. 657. No lawful arrest was shown, and hence defendant was entitled to the affirmative charge as to that count of the complaint.— Authorities supra. The complaint claimed no special damages, and hence plaintiff was not entitled to recover for humiliation or wounded feelings or disgrace, and hence, the number of persons present at that time was foreign to any issue in the case.—*Marks v. Hastings,* 101 Ala. 172; *Stewart v. Blair,* 171 Ala. 147. A justice of the peace under the law has no authority to make an arrest. Sec. 6267, Code 1907. Defendant was entitled to the affirmative charge.—*Lunford v. Deitrich,* 86 Ala. 250; *Steed v. Knowles,* 79 Ala. 449.

WILLIAMS & JONES, for appellee. No brief reached the Reporter.

WALKER, P. J.—The count upon which the case went to the jury was in the form prescribed by the Code for a complaint for malicious prosecution.—Code 1907, § 5382, form 20. The allegation of that count as to the arrest of the plaintiff under a warrant was of material matter of description of the tort counted on.—*Davis v. Sanders,* 133 Ala. 275, 32 South. 499; *Williams v. Ivey,* 37 Ala. 244; *Sheppard v. Furniss,* 19 Ala. 760.

Over the objection of the defendant, the court admitted in evidence an unsigned paper, the body of which was in the form of a warrant for the arrest of the plaintiff for burning the defendant's barn. This paper, being without the signature of any magistrate, was not a warrant.—Code 1907, §§ 7588, 6704, 6285. It was a mere nullity, and was not admissible in evidence over objection duly made, as it could not properly be made the basis of any inference as to a fact in issue. Though

it was admitted in evidence, it cannot be regarded as having any tendency to prove the allegation of the complaint in reference to a warrant. It proved merely the writing of a paper which was not a warrant.

There was no evidence tending to prove an arrest of the plaintiff, as alleged in the complaint, unless it is found in the testimony of the magistrate, before whom the defendant made the affidavit charging the plaintiff with the burning of the barn. The testimony of this witness was to the effect that, after the affidavit was made, some one called from the outside to him that Lawler (the plaintiff in this case) wanted to make bond; that he went out, saw Lawler, furnished him a blank bond, which was filled out; that Lawler was not confined; that:

"I did not take him into custody, only I went out where he was. He told me he could give bond. I got the bond and wrote it out and gave it to him, and he signed it and went and got his friends to sign it, and came back and gave it to me."

"An arrest, in the strict legal sense of the term, involves three elements: Authority, intention, and restraint of the person."—2 Am. Eng. Ency. Law (2d Ed.) 834.

Assuming that the magistrate, on the ground that the affidavit which had been made gave him reasonable cause to believe that the plaintiff had committed a felony, had authority to arrest him under the statute conferring authority to arrest upon a private person (Code, § 6273), yet, because of the absence of evidence of intention on his part to make an arrest or to assume the custody of or to restrain the person of the plaintiff, his testimony failed to furnish proof of the essential elements of an arrest. There was no evidence tending to prove that the magistrate intended to assume cus-

tody or control of the plaintiff's person, or that the plaintiff, with his consent or otherwise, at any time was under any restraint.—*Field v. Ireland,* 21 Ala. 240.

It is not affirmed that, under the evidence adduced, it would have been error to give charge 1 requested by the plaintiff, if there had been before the jury a count which, without averring an arrest under a warrant, averred that the defendant maliciously and without probable cause caused the plaintiff to be charged with arson and to be tried on that charge, and that that prosecution had been terminated by the plaintiff's acquittal. But there was no such count before the jury. The single count upon which the case was tried could not be sustained without proof of its allegations as to the arrest of the plaintiff under a described warrant. As there was no such proof, it was error to give the charge mentioned.

Reversed and remanded.