145 So.2d. 837

Bessie Mae PRINCE

v.

B. G. BRYANT.

3 Div. 962.

Supreme Court of Alabama.

Oct. 18, 1962.

Clifford J. Durr, Montgomery, for appellant.

Walter J. Knabe and Rodney R. Steele, Montgomery, for appellee.

**136**

LAWSON, Justice.

This suit was filed in the Circuit Court of Montgomery County by Bessie Mae Prince against B. G. Bryant and B. G. Smith, who were police officers of the City of Montgomery.

The complaint contained three counts. In Count I the plaintiff sought damages of both the defendants for false imprisonment.

Count II was against the defendant Bryant and read as follows:

"Plaintiff claims of the Defendant, B. G. Bryant, the sum of $2500.00 damages for maliciously and without probable cause therefor, arresting Plaintiff on or about the 21st day of August, 1959, and causing the Plaintiff to be prosecuted in the Recorder's Court of the City of Montgomery, Alabama, on an alleged charge of disorderly conduct, without valid warrant or information, which alleged charge, before the commencement of this action, has been judicially investigated and said prosecution ended and the plaintiff discharged."

Count III was against the defendant Bryant for an assault and battery.

Smith was stricken as a party defendant. Demurrer to Count II was sustained. Bryant then interposed pleas of the general issue to Counts I and III and a special plea to Count I which, in substance, alleged that plaintiff was arrested by the defendant for an offense committed in his presence and while in the execution of his duties as a police officer of the City of Montgomery.

There was a jury verdict in favor of the defendant, Bryant. Judgment was in accord with the verdict. Plaintiff's motion for new trial having been overruled, she has appealed to this court.

The first argued assignment of error is to the effect that the trial court erred in sustaining defendant Bryant's demurrer to Count II of the complaint.

■ Count II was designed, no doubt, as an action on the case for malicious prosecution, but it is insufficient for that purpose because it avers, in substance, that the prosecution of the plaintiff followed an arrest not under process issued by lawful authority.

Most of our cases, as well as those of the Court of Appeals, which have considered the question have held or observed that a count in case for malicious prosecution which avers the arrest of the plaintiff by the defendant or at the latter's instigation must contain averments showing that the arrest was under process issued by lawful authority. Sheppard v. Furniss, 19 Ala. 760; Williams v. Ivey, 37 Ala. 244; Holly v. Carson, 39 Ala. 345; Davis v. Sanders, 133 Ala. 275, 32 So. 499; Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685; Grissom v. Lawler, 10 Ala.App. 540, 65 So. 705; Casino Restaurant, Inc., v. McWhorter, 35 Ala.App. 332, 46 So.2d 582. See Western Union Telegraph Co. v. Thompson, 5 Cir., 144 F. 578.

In Sanders v. Davis, 153 Ala. 375, 380–381, 44 So. 979, it was observed:

" * * * While it may not be accurate, in view of the above statute [§ 5211, Code 1896], to say that in every case it is necessary, in order to count on malicious prosecution, to aver the issuance of process and arrest thereunder, yet the averments must be such as to show a legal arrest as the commencement of a valid judicial proceeding."

As to the statement just quoted, it is sufficient to point out that Count II does not show "a legal arrest as the commencement of a valid judicial proceeding."

In Sears, Roebuck & Co. v. Alexander, 252 Ala. 122, 39 So.2d 570, we held good as against demurrer a count charging the malicious prosecution of plaintiff in the Recorder's Court of the City of Birmingham for the violation of an ordinance of that City, which count did not even aver the arrest of the plaintiff on the charge. We pointed out that an arrest was not necessary to the commencement of the valid judicial proceeding which was begun in the recorder's court in such a manner as to be legally sufficient to support a judgment of conviction. The holding in that case has no application here, for Count II alleges an arrest of the plaintiff by the defendant.

■ Count II may be good as a count in trespass for false imprisonment although it does not actually allege that imprisonment followed the arrest. An illegal arrest is both technically and in fact a false imprisonment and the additional allegation of an imprisonment is not essential to the statement of a cause of action for false imprisonment. Strain v. Irwin, 195 Ala. 414, 70 So. 734.

■ But even if Count II be held good as a count for false imprisonment, it does not follow that a reversal must result because the charge of false imprisonment was submitted in Count I, to which demurrer was overruled. Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473.

■ As to those assignments which point out alleged errors in the court's oral charge, it is sufficient to say that no exceptions were taken to the oral charge. Boles v. Bonner, 267 Ala. 342, 101 So.2d 544; Self v. Baker, 266 Ala. 572, 98 So.2d 10.

■ There was no error in giving defendant's requested charge No. 10. That charge did not require the plaintiff to prove both counts and it did not require the jury to find for the defendant if every member of the jury was not reasonably satisfied, but only that they could not find for the plaintiff. Jones v. Union Foundry Co., 171 Ala. 225, 55 So. 153, cited in Holmes v. Birmingham Transit Co., 270 Ala. 215, 116 So.2d 912.

■ We are of the opinion that the trial court erred in giving charge No. 11 at the request of the defendant. The law does not presume that a defendant in a civil case is guilty of any wrong, but we think it is erroneous to instruct a jury in a civil case to the effect that it is its duty to attempt to reconcile all of the evidence in the case with the theory that the defendant has done no wrong. The effect of this charge, in our opinion, is to place too high a degree of proof upon the plaintiff. See Nelson v. Lee, 249 Ala. 549, 32 So.2d 22; Hill Grocery Co. v. Wilson, 265 Ala. 49, 89 So. 2d 687.

Charge No. 13 given at the request of the defendant asserts a correct principle of law. Sanders v. Davis, 153 Ala. 375, 44 So. 979.

■ The trial court erred in giving charge No. 14 requested by defendant. This charge is bad for the reason, if for no other, that it predicated a verdict for defendant without regard to what the jury may have believed in respect of the case stated in Count III, which charged assault and battery. Piggly-Wiggly Alabama Co. v. Rickles, 212 Ala. 585, 103 So. 860. This court has held that a charge which tends to limit the recovery to part only of the counts in the complaint, or which excludes one theory of plaintiff's case which is supported by a scintilla of evidence, should be refused. Lambert v. Birmingham Electric Co., 244 Ala. 333, 13 So.2d 579; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Sloss-Sheffield Steel & Iron Co. v. Smith (Ala.), 40 So. 91. In disposing of charge No. 14 in this manner, we are not to be understood as holding that it states a correct principle of law. That question is not determined.

■ Defendant's given charge No. 15 might well have been refused on the ground that it is predicated on the jury's belief from the evidence. We have said that reversible error will not be predicated on giv-

ing or refusing a charge which is improperly hypothecated on belief rather than on reasonable satisfaction from the evidence. Walker v. Bowling, 261 Ala. 46, 72 So.2d 841; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164. We can see no prejudicial error in the giving of charge No. 15.

 Plaintiff's charges 5, 6 and 7 were refused without error. Aside from the fact that they clearly state abstract legal principles without instructing the jury as to the effect of those principles upon the issues involved (Frith v. Studdard, 267 Ala. 315, 101 So.2d 305), their substance was fairly and fully covered in the oral charge of the court. Atlantic Coast Line R. Co. v. Glass, 255 Ala. 183, 50 So.2d 749.

Plaintiff's charges 8 and 12 were refused without error, if for no other reason, because they state abstract legal principles without instructing the jury as to their effect upon the issues involved. Frith v. Studdard, supra; Fleetwood v. Pacific Mutual Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171.

 Aside from any other reason, plaintiff's charge No. 13 was refused without error because it is predicated on the jury's belief from the evidence rather than on the jury being reasonably satisfied from the evidence. Davis v. Wingard, 269 Ala. 535, 114 So.2d 450, and cases cited. Plaintiff's charge No. 10 was properly refused for the same reason. It was not even predicated on a belief from the evidence, simply on the jury's belief.

 The appellant, plaintiff below, insists that she was entitled to the affirmative charge as to Count III, the assault and battery count, inasmuch as the defendant admitted that he pushed the plaintiff through a doorway and there was no special plea of justification interposed to Count III.

We have said that in trespass for an assault and battery, justification should be specially pleaded. Lunsford v. Walker, 93 Ala. 36, 8 So. 386.

But the record discloses that the case was tried by the parties as if the defense of justification had been properly pleaded. We will, therefore, treat the case as if this defense had been specially pleaded. Martin v. Martin, 237 Ala. 512, 187 So. 732; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580.

In view of a reversal because of the giving of defendant's charges 11 and 14, we do not discuss the assignments of error to the effect that the court erred in overruling the grounds of the motion for new trial which took the point, in effect, that the verdict was not sustained by the great preponderance of the evidence. Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.