Appellant Richard Blake (hereinafter referred to as plaintiff) brought suit against his former employer, appellees Barton Williams, Inc., a corporation and Barton Williams, individually (hereinafter referred to as defendant) for malicious prosecution and false imprisonment. Plaintiff alleged that defendant improperly caused his arrest on a charge of unlawfully and willfully taking and using a vehicle without the consent of defendant, the owner of the vehicle.
After a consideration of the pleadings of both parties and affidavits submitted on behalf of defendant, the Circuit Court of Montgomery County granted defendant's motion for a summary judgment. From the circuit court's order dismissing his action plaintiff has filed this appeal.
The circuit court's order granting a summary judgment in favor of defendant did not specify its reason for dismissing *Page 378 
plaintiff's suit. However, such an order was certainly proper with respect to plaintiff's allegation of false imprisonment. Plaintiff was arrested under a valid warrant issued by the assistant clerk of the Municipal Court of Montgomery County. And if an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is "false," and, as a consequence, the complaining party's action must be one for malicious prosecution. Prosser Law of Torts at 47 and 835 (4th ed. 1971).See Prince v. Bryant, 274 Ala. 134, 145 So.2d 837 (1962);Sears, Roebuck Company v. Alexander, 252 Ala. 122,39 So.2d 570 (1949); Bryant v. Hartford Fire Insurance Co., 230 Ala. 80,159 So. 685 (1935).
On the other hand, the issue of whether plaintiff's complaint may survive the defendant's motion for summary judgment on the malicious prosecution theory depends upon the determination of the date upon which such right of action may have accrued.
Defendant argues that plaintiff's action was filed on June 4, 1976, approximately fifteen months after the criminal proceedings were dismissed against plaintiff on March 17, 1975. Thus, defendant asserts that plaintiff's action for malicious prosecution was not commenced within one year after the action accrued. Title 6, chapter 2, section 39 (a)(1), Code of Alabama 1975. Plaintiff, however, maintains that the criminal proceedings against him were not dismissed until September 8, 1975 and that consequently the filing of his suit against defendant for malicious prosecution on June 4, 1976 was within the one year statute of limitations provided in section 39 (a)(1).
Title 6, chapter 2, section 39 (a)(1), Code of Alabama 1975 establishes a one year statute of limitations for malicious prosecution suits. The majority of jurisdictions has adopted the rule that the limitations period begins to run upon a final termination in favor of the accused in the criminal proceeding on which the action for malicious prosecution is based. Savagev. United States, 450 F.2d 449 (8th Cir. 1971); Giglio v.Delesparo, 46 A.D.2d 928, 361 N.Y.S.2d 721 (1974). See
87 A.L.R.2d 1047.
Moreover, we have held that a person may be subjected to liability for malicious prosecution in any instance where the criminal proceeding is terminated in such a manner that it cannot be revived and the prosecutor, if he proceeds further, will be put to a new prosecution. Kroger Company v. Puckett, Ala.Civ.App., 351 So.2d 582 (1977). This view encompasses any situation where the criminal proceeding against the party is dismissed from court so as to terminate that particular prosecution, and is applicable even though future criminal proceedings may be brought against the accused on the same charge. Kroger Company v. Puckett, supra.
In the instant case the affidavits of defendant Barton Williams and the attorney who originally acted as city prosecutor in the criminal proceeding against plaintiff indicated that the charges against plaintiff were dismissed on (or before) March 17, 1975. It is not apparent from the record why the charge was dismissed. Nonetheless, this dismissal constituted a termination in favor of the accused from which date the one year statute of limitations began to run. Accordingly, an action filed by plaintiff after March 17, 1976 would be barred by the applicable statute of limitations.
However, the affidavit of Williams also stated that the criminal action against plaintiff was subsequently reinstated and dismissed a second time on September 8, 1975. The subsequent reinstatement of the criminal charge against plaintiff operated to toll the running of the statute of limitations and plaintiff had one year from the termination of the proceedings in his favor on September 8, 1975 in which to file his action for malicious prosecution. See Childers v.Beaver Dam Plantation, Inc., 360 F. Supp. 331 (N.D.Miss. 1973);Bailey v. General Apartment Co., 139 Ga. App. 713,229 S.E.2d 493 (1976). *Page 379 
Plaintiff's malicious prosecution suit was initiated on June 4, 1976. His action was barred by the one year statute of limitations if the criminal proceeding against him was dismissed on March 17, 1975 and never reinstated. However, if the criminal proceeding was reinstated and dismissed a second time on September 8, 1975, his suit against defendant may be maintained because it was filed within one year of a final termination of the criminal proceeding in plaintiff's favor.
No trial docket sheet was included in the record to support or refute either party's contention with regard to the varying dates on which the prosecution against the plaintiff was purportedly dismissed. Nor are there any other materials contained in the record other than the affidavits submitted by defendant which would indicate when the criminal action against plaintiff was dismissed. Furthermore, defendant's affidavits are in dispute as to when the dismissal of the criminal proceeding occurred. The affidavit of the city prosecutor states that to his knowledge there was no reinstatement of the case after the dismissal of March 17, 1975 and that the case was not dismissed a second time on September 8, 1975. On the other hand, the affidavit of defendant Barton Williams states that the criminal charge was reinstated after March 17, 1975 and was subsequently dismissed on September 8, 1975. These affidavits demonstrate a genuine issue as to a material fact. A summary judgment is not the appropriate method for disposing of actions in which there is a genuine issue as to any material fact. Rule 56, ARCP and committee comments thereto. Accordingly, the circuit court acted incorrectly in granting defendant's motion for summary judgment. The order of the circuit court dismissing plaintiff's action for malicious prosecution is hereby reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.