**Glen WHITFIELD, Plaintiff-Appellant,**

v.

**Ira FINN, as Chief of Police of the City of Childersburg, Alabama, Ivan R. Smith, Defendants-Appellees.**

**No. 83–7440**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 10, 1984.

J. William Thomason, Bessemer, Ala., for plaintiff-appellant.

Tom R. Ogletree, Sylacauga, Ala., for defendants-appellees.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Glen Whitfield (the plaintiff) appeals from an order of summary judgment entered in favor of Ira Finn and Ivan Smith (the defendants) by the District Court for the Northern District of Alabama. The plaintiff is a former police officer for the city of Childersburg, Alabama. In May of 1978, the plaintiff was hired by then Mayor Robert Limbaugh. Beginning in 1980, the plaintiff was reprimanded on a number of occasions for misconduct. On February 4, 1982, he was suspended pending investigation of an instance in which he allegedly used unnecessary force, and was terminated on February 12 by current Mayor Ivan Smith for that offense.

Plaintiff filed suit in June 1982 in federal district court, under 42 U.S.C. § 1983, alleging that his termination without written notice of reasons therefor, deprived him of property without due process of law, in contravention of the fifth and fourteenth amendments to the United States Constitution. Pleadings and accompanying affidavits were filed, and discovery was undertaken, after which plaintiff moved for partial summary judgment. On June 28, 1983, the district court entered an order of summary judgment in favor of the defendant, notwithstanding that the defendant never filed a motion seeking summary judgment.

On appeal, the plaintiff does not challenge the propriety of granting summary judgment to a non-moving party. The question would appear to be an open one in our circuit. The weight of authority is that summary judgment may be granted in favor of a party opposing summary judgment, even though he has made no formal cross-motion. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982); Moore, *Moore's Federal Practice* ¶ 56.12; Wright, Miller & Kane, *Federal Practice* § 2720. It is unnecessary to resolve the question at this time, however, because regardless of whether the district court had the authority under Rule 56(c) to grant summary judgment to a non-moving party, we hold that summary judgment was unwarranted for either party, in light of the presence of unresolved issues of fact.

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." In reviewing the district court's order granting summary judgment for the defendant, the very limited question before us, is whether it was error to hold that no factual issues remain that would support the plaintiff's claim that he held a property interest in his position as a police officer, and that he was deprived of that property interest without due process of law.

It is conceded by the defendant and acknowledged by the court below that the plaintiff was terminated without written explanation, hearing or other due process. The constitutional right to procedural due process, however, applies only to circumstances in which an individual is at risk of being deprived of life, liberty or property. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The district court was of the opinion that nothing in the documents before it supported the plaintiff's claim that he had a property interest in his position as a city police officer such as would trigger his right to a hearing prior to termination.

The Supreme Court has held that one has a property interest in a given job to the extent one can establish a legitimate en-

titlement to or expectancy of continued employment. *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *cf. Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In *Bishop v. Wood,* the Supreme Court indicated that whether such an entitlement exists must be determined by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684, 689 (1976).

In applying the foregoing principles to a case involving termination of an Alabama state employee, the Fifth Circuit observed that:

> A state employee that may be discharged at will under state law has no property interest in his or her job, but a state employee whose employment may be terminated only for cause has a property interest in the state employment and is entitled to due process protection.

*Thompson v. Bass,* 616 F.2d 1259, 1265 (5th Cir.1980). The question thus becomes whether an issue of fact remains with respect to whether the plaintiff Whitfield could be discharged only for cause.

As a general rule of Alabama common law, an employment contract is terminable at will, absent an agreement between employer and employee to the contrary. *White v. Chelsea Industries, Inc.,* 425 So.2d 1090 (Ala.1983). A contract at will may be terminated with or without cause or justification. *Hinrichs v. Tranquilaire Hospital,* 352 So.2d 1130 (Ala. 1977). The plaintiff alleges, however, that his was not a contract at will, but rather that it was a part of his employment agreement that he would not be discharged without cause. In support of his position, the plaintiff directs our attention to a statement entitled "Notice to All Police Department Personnel," which the plaintiff signed upon joining the police force. The notice provides, in its entirety:

### NOTICE TO ALL POLICE DEPART-MENT PERSONNEL

The attached regulations are published for the information and guidance of all Police Department personnel.

Applicants accepted for employment with the Police Department will be on a six (6) months probationary basis and may be terminated during that period, with one week notice, if in the opinion of the department head the applicant's performance does not measure up to local police department requirements. Termination may also take place for the infraction of any rule published in the attached regulations calling for such action. The new employee will serve one (1) year before becoming eligible for vacation or sick pay.

The district court held that this notice failed to establish the existence of an agreement that the plaintiff would be discharged only for cause, and relied upon *United Steelworkers of America, AFL–CIO v. University of Alabama,* 599 F.2d 56 (5th Cir.1979), in concluding that "under Alabama law, the handbook was insufficient to establish a property interest in public employment." First, *United Steelworkers,* did not hold that an employee's handbook could not create a property interest as a matter of law, but rather held only that the particular handbook involved did not create a property interest. Second, unlike *United Steelworkers,* the document involved in this case is not a handbook. Rather, it is a one-page document, signed by the plaintiff and chief of police and attached to a set of police department regulations. Immediately above the plaintiff's signature is the clause, "I have read and understand the above and the attached regulations."

A question thus remains as to whether the parties understood the notice and attached regulations to constitute all or a part of their employment agreement. It is true that the notice is not a model of clarity, and that even if it is an employment contract, it may not, standing alone, give the plaintiff a right to be terminated only for cause after the six-month probationary period has expired. However, the notice is not the only evidence of the parties' agree-

ment. At Mayor Smith's deposition, the following colloquy took place:

Q And it is the policy of the city that once a police officer serves the probationary period of six months that disciplinary action is not to be taken against him except for good cause shown?

A That's right.

Q And generally good cause would be those things itemized in this—

A Yes.

Q —but might not include everything.

A That's true.

Q But he does have a right according to your understanding and your contract with him to continued employment with the city so long as he abides by reasonable rules and regulations, is that correct?

A Yes, sir.

Q And this is something that he is told at the time he signs these rules and regulations?

A That's correct.

Q And you consider that as being your contract with him?

A That's correct.

In seeming contradiction to the remarks he made at his deposition is an affidavit signed by Mayor Smith some ten months after the deposition was taken, in which he stated that "All employees of the city of Childersburg ... served at the pleasure of the city of Childersburg."

Taken together, the notice, the mayor's deposition, and his affidavit create a material issue of fact: did the plaintiff serve at the will or pleasure of the city, such that he could be terminated for any reason at any time, or was it understood that his position was secure absent a showing of good cause for discharge? Because important factual issues remain unresolved, summary judgment was inappropriate.

REMANDED.