This is an appeal from a summary judgment in favor of the defendants, Preferred Risk Mutual Insurance Company, Inc., Preferred Risk Life Insurance Company, Inc., Henry C. Capps, David McCafferty, and Jim McCafferty. The plaintiff, Theodore Hickenbottom, brought a breach of employment contract suit against the defendants. The trial court granted summary judgment on the basis that no enforceable contract of employment existed. We affirm.
On May 21, 1984, in response to a newspaper advertisement, Hickenbottom contacted Preferred Risk's Mobile office to inquire about employment as a sales agent. After the interview, Hickenbottom was offered an opportunity to become associated with the company. He signed a pre-contract statement of understanding, which is as follows:
 I hereby volunteer to enter into a pre-employment program with the Preferred Risk Insurance Companies for the sole purpose of determining my interest in a career of insurance selling.
 I understand that I am not employed by the Preferred Risk Companies, and I understand and agree that I will not solicit business until qualified by the State Insurance Department. I also understand and agree that there will be no commission or compensation paid on business developed by me while in this program.
 Although I may apply for a license, Preferred Risk is under no obligation to offer me a position, and I am under no obligation to apply for or accept a position with Preferred Risk.
Date: 4/6/84
Signed: Theodore Hickenbottom/s/
Witnessed: Jim McCafferty/s/
Sales Representative
During this training period, Hickenbottom felt that Preferred Risk's agents in Mobile were uncooperative. He wrote a letter to the company's corporate offices in Des Moines, Iowa. As a result of his correspondence, *Page 882 
Preferred's regional manager set forth the precise conditions of Hickenbottom's training program. On August 30, 1984, Hickenbottom signed another pre-contract statement of understanding, which was identical to the first one. Hickenbottom stated that he knew he was not hired for any definite duration. On January 24, 1985, Preferred Risk notified Hickenbottom that he would not be offered employment under an agency contract. Subsequently, he filed suit for breach of contract.
Hickenbottom argues that, notwithstanding the pre-contract statement of understanding, he received an oral promise of employment and Preferred Risk's refusal to hire him constituted a breach of that oral contract. He argues that his training was performed consistent with that promise to hire. At best, if any contract existed, it would be viewed as an employment-at-will contract.
An oral contract that contains no specifics concerning term, length, or duration is considered one of employment-at-will. Scott v. Lane, 409 So.2d 791
(Ala. 1982). Contracts without a fixed term are terminable at the will of either party and may be terminated for any cause or for no cause. Bates v. Jim Walter Resources,Inc., 418 So.2d 903 (Ala. 1982). The precontract statement of understanding specifically negates any claim that Preferred Risk gave Hickenbottom an employment contract. However, even assuming that an oral contract did exist, it was one terminable at will. Therefore, Preferred Risk's decision not to hire Hickenbottom was entirely legal. As no merit exists to Hickenbottom's claims, the trial court correctly granted summary judgment in Preferred Risk's favor, and that judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.