This is an appeal from a judgment based on a directed verdict in favor of defendant David Beason in a lawsuit alleging false arrest and malicious prosecution. We affirm.
The minor daughter of plaintiff Carolyn Ennis, was suspended from her fifth-grade class at Carbon Hill Junior High School by her principal, David Beason, on the accusation that she was an accomplice in the theft of $30 from a teacher's purse. The length of the suspension was two days, and restitution was also ordered. The parents of each of the two girls involved were initially notified by telephone of the problem and of the disciplinary action that had been taken.
Upon being advised that her child had been suspended for wrongfully taking the money from her teacher's purse, Mrs. Ennis, according to Beason, indicated that she did not want her daughter to be suspended from school. Beason subsequently testified that he thought the two-day suspension was appropriate under the circumstances and that Mrs. Ennis was so advised.
The child was suspended on Monday, October 8, 1984. The following day, she returned to school in violation of the suspension and entered her classroom. She was then escorted by her teacher to the principal's office. Efforts to contact her parents were unsuccessful. That afternoon Beason sent her home with a written disciplinary notice, which explained that she was to be suspended for two days and that she must stay at home or be away from school during that period.
Mrs. Ennis telephoned the school on the afternoon of Tuesday, October 9, and talked with Beason. According to Beason, Mrs. Ennis refused to accept the fact that *Page 19 
her daughter had been suspended. The child attended school the remainder of that week. At the end of each school day, however, she was given a notice to her parents informing them that she was not to return to school until the two-day suspension had been served.
On Monday, October 15, she again went to school. At this point, Beason talked with Donald Stovall, superintendent of the City of Carbon Hill Board of Education, who, in turn, consulted with the school board's lawyer. A certified letter was subsequently mailed to Mr. and Mrs. Ennis, explaining that they must respect the suspension and that further attendance on the part of the child would be considered a trespass.
When the child arrived at school the following day, Beason signed a juvenile petition against her for trespass and a warrant of arrest against Mrs. Ennis for contributing to the delinquency of a minor. The petition was served on the child when she arrived at school the next day, at which time she was remanded to the custody of juvenile authorities. The child did not attend any classes the day she was placed in the custody of the juvenile authorities or the following day. These days were credited to her as time served towards her suspension.
Beason subsequently indicated to the authorities in Jasper that he did not wish to maintain the prosecution against Mrs. Ennis. He later testified that there was no reason to pursue the prosecution against Mrs. Ennis, as the child's two-day suspension had been fulfilled. As to the charge against Mrs. Ennis, a disposition of nolle prosequi was formally entered. Prior thereto, however, Mrs. Ennis had been arrested pursuant to the warrant, booked, photographed, and fingerprinted.
Mrs. Ennis filed suit on October 25, 1985, against Beason and various other named defendants, alleging false arrest and seeking damages in the amount of $50,000. The complaint was subsequently amended to add a claim for malicious prosecution. Prior to trial, which commenced on September 23, 1987, summary judgment was granted in favor of all defendants except Beason. On September 24, after Mrs. Ennis presented evidence to the jury and rested her case, Beason moved for a directed verdict, which was granted. On this appeal, only that directed verdict is at issue.
 I
As to the claim for false arrest, we conclude that the trial court did not err in directing a verdict in favor of Beason.
The law in Alabama is clear that a plaintiff is not entitled to recover for false arrest or imprisonment where he or she is arrested pursuant to a valid warrant issued by a lawfully authorized person. Blake v. Barton Williams, Inc.,361 So.2d 376 (Ala.Civ.App. 1978). Under such circumstances, "neither the arrest nor the subsequent imprisonment is 'false,' and, as a consequence, the complaining party's action must be one for malicious prosecution." Id. at 378.
In the instant case, Mrs. Ennis was arrested pursuant to a warrant of arrest issued by the Circuit Court of Walker County. The validity of the warrant itself is not challenged. Because the arrest of Mrs. Ennis was made pursuant to a warrant issued by a "lawfully authorized" person, i.e., a circuit judge, the directed verdict was properly granted.
 II
Mrs. Ennis next argues that the trial court erred in directing a verdict in favor of Beason on the claim for malicious prosecution. The elements of a cause of action for malicious prosecution have been explicitly set forth by this Court:
 "To successfully maintain an action for malicious prosecution in Alabama, the plaintiff has the burden of proving that a prior judicial proceeding was instigated by the defendant without probable cause and with malice, such proceeding ending in favor of the plaintiff, but nevertheless causing the plaintiff damages. Brown v. Parnell, 386 So.2d 1137 (Ala. 1980); Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969). All of these *Page 20 
elements being essential, the plaintiff must prove them in order to prevail because an action for malicious prosecution is not favored at law. This Court stated its reasoning for such a rule in Birwood Paper Co., supra, citing Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959):
 " '[A]nyone who has reasonable cause to believe that there is reasonable cause for legal redress and protection has a lawful right to seek such redress without risk of being sued and having to respond in damages for seeking unsuccessfully to enforce his rights.' "
Alabama Power Co. v. Neighbors, 402 So.2d 958, 962
(Ala. 1981). If the plaintiff fails to prove any one of the necessary elements, then the defendant is entitled to a judgment as a matter of law. Id. at 967.
We conclude that the judgment based on the verdict directed by the trial court as to the claim for malicious prosecution is to be affirmed on the basis that Mrs. Ennis failed to prove the necessary element of malice. There was no scintilla of evidence to suggest malice — either actual or inferred — arising from a lack of probable cause. Indeed the trial court, in granting the motion for directed verdict, held as a matter of law that Mrs. Ennis had failed to prove malice on the part of Beason. With regard to the element of "malice" in an action for malicious prosecution, "[a]ny other motive than a bona fide purpose to bring the accused to punishment as a violator of the criminal law or another purpose associated with such [a]bona fide purpose is malicious." National Sec. Fire Cas. Co. v. Bowen, 447 So.2d 133, 140 (Ala. 1983) (emphasis supplied). See also Fowlkes v. Lewis,10 Ala. App. 543, 65 So. 724 (1914).
At trial, Beason testified that the proceedings against Mrs. Ennis were instituted in an effort to make sure that the suspension of her child was enforced. He also testified that his intention from the outset was to make sure that the authority of the school was respected. In sum, Beason's testimony indicates that in addition to the school system's interest in maintaining discipline, the continued interruption of the child's school work was of paramount concern when the decision was made to prosecute Mrs. Ennis:
 "Q. Was it important to you as the principal and educator to do as much as possible to avoid interrupting her education?
 "A. That was my hopes from the beginning because of the type of student that she was. She was a real good student, the first problem we had had, and I saw no reason for there being a problem other than for her to serve the two days and then we would get on about the business of educating.
 "Q. As an educator, Mr. Beason, did you do everything you could think of to get her back into school, making sure the suspension was observed?
 "A. Well, that's what I was trying to do throughout the whole process, was to get her back in school where she could continue with her education."
Under the particular facts and circumstances of this case, we hold that Beason's interest as a school principal in the timely enforcement of a school disciplinary order, combined with his desire to avoid what was obviously becoming a prolonged interruption in the child's schooling, was a sufficient "bona fide purpose," as contemplated by National Sec. Fire Cas.Co., supra, to negate any showing of the necessary element of malice. Under these circumstances, we hold that the trial court did not err in holding as a matter of law that Beason acted without malice when he sought legal redress to enforce the suspension.
Due to the foregoing, we find that the judgment based on the directed verdict in favor of Beason as to both counts of the complaint is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur. *Page 21