This is an appeal from the defendants' partial summary judgment on five counts of a seven-count complaint. We affirm in part (as to the claims based on contract, false imprisonment, and outrageous conduct); reverse in part (as to the claim for malicious prosecution); and remand.
The appellant, Mark L. Goodwin, operated an automotive service business under the name Custom Automotive Design. This business involved the installation of "detail work," primarily custom striping, on automobiles. Goodwin allegedly entered into an oral agreement with Barry Miller Chevrolet, Inc. ("Miller"), to perform certain work on automobiles on Miller's *Page 1172 
sales lot. Goodwin performed such work on a periodic basis for Miller, as well as for other car dealers.
In May 1986, approximately one month after Goodwin began working for Miller, he entered into an agreement with Miller for the purchase of a van. Goodwin alleges that he was assured by agents of Miller at the time of the agreement that he would be provided sufficient striping work to make the payments on this van. The purchase was approved and it was financed through General Motors Acceptance Corporation ("GMAC"). At that time, Goodwin signed a promissory note in the amount of $2,754, payable to Miller on or before May 18, 1986, as a down payment. Goodwin contends that on May 31, 1986, at Miller's insistence, he executed a blank check as further evidence of this debt to Miller. Goodwin signed the check, and an agent of Miller filled in the amount of $2,754 in Goodwin's presence.
According to Goodwin, when he signed the check, he informed the agent that there were not sufficient funds in the account to cover the check, and that the agent assured him the check would not be presented for payment. Despite these alleged assurances, the check was deposited; it was subsequently returned "unpaid due to insufficient funds." Miller contacted Goodwin several times, by both telephone and registered mail, seeking payment on the check. Goodwin never made any payments on the check or on the promissory note, and made none of the monthly payments due GMAC. Goodwin claims he made no payments because the van's transmission never functioned properly, despite numerous complaints to Miller. Eventually, the van was repossessed by GMAC and Miller was obligated to repurchase it because the initial down payment had not been made. GMAC also paid an additional $3,500 to another party for customizing work that had been ordered by Goodwin. Sometime in August 1986, Goodwin ceased operating his automotive customizing business.
On September 5, 1986, Frank Seals, a former employee of Miller, at the request of Miller, appeared before a magistrate and caused a complaint and arrest warrant to be issued against Goodwin for violation of Ala. Code 1975, § 13A-9-13.1. This section prohibits, and prescribes penalties for, the issuance of worthless checks. Goodwin was arrested, kept in custody overnight, prosecuted, and found not guilty.
Goodwin filed a complaint in the Cullman Circuit Court on February 27, 1987, against Miller and Seals, alleging that these parties had represented to Goodwin that he would be employed by Miller and provided enough striping work to afford the van he had purchased. Additionally, he alleged that these representations were made in an extreme and outrageous manner. Further, Goodwin alleged that the actions of the defendants that led to his arrest caused him emotional distress, and that the defendants, knowing that the provisions of Code, §13A-9-13.1 had not been violated, maliciously instituted and prosecuted a criminal charge against him, for which he was tried and acquitted.
The defendants' motion to transfer the action to St. Clair Circuit Court was granted. Subsequently, Goodwin amended his complaint to allege that the defendants had unlawfully caused him to be imprisoned for a day following his arrest for the charge of issuing a worthless check.
The defendants filed a motion for partial summary judgment on five of the counts of Goodwin's complaint.[1] The trial judge, in granting the motion for partial summary judgment, ruled:
 "Be it ORDERED that the order of this Court heretofore entered on March 10, 1988, be amended to read as follows:
 "This being the date heretofore set for hearing on Defendants' Motion for Partial Summary Judgment. The matter being called for hearing before this Court, attorneys for Plaintiff fail to appear. Defendants' attorney being present in Court. Said matter was heretofore set *Page 1173 
down for hearing this date by order entered on January 23, 1988. Plaintiff was duly notified of the hearing this date. Plaintiff fails to appear and has filed no response to Defendants' Motion for Partial Summary Judgment.
 "This Court finds that there is no just reason for delay and that Summary Judgment is due to be granted.
 "Therefore, be it ORDERED, ADJUDGED and DECREED that partial summary judgment is hereby entered in behalf of Defendants Barry Miller Chevrolet, Inc., and that Counts 1, 4, 5, and 6 of the original complaint and Count 7 of the amended complaint are hereby dismissed against said defendants."
On appeal Goodwin argues that the trial judge committed error by not considering Goodwin's deposition when he ruled on the motion for partial summary judgment. The deposition is part of the record and allegedly states genuine issues of material fact that preclude the granting of summary judgment. We agree with the plaintiff that a trial judge must consider all the evidence before him, including depositions. Because the trial judge in the present case apparently did not consider the deposition of Goodwin, and because that deposition, when considered, presents a genuine issue of material fact in support of the plaintiff's claim for malicious prosecution, we reverse in part. However, because there is no evidence in the deposition supporting the claims for breach of contract, false imprisonment, and outrageous conduct, we affirm in part.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Burt v. Commercial Union Ins. Co.,489 So.2d 547, 549 (Ala. 1986). When reviewing the propriety of a summary judgment, the appellate court will look to the same facts the trial court had before it.
 "On appeal from summary judgment, we must look to the same factors considered by the trial court in its ruling on the motion. Jehle-Slauson Construction Co. v. Hood-Rich, Architects, 435 So.2d 716 (Ala. 1983). In the instant case, the court relied upon the pleadings and medical records, the only evidence presented with regard to the summary judgment motion. We also note that the judgment of the trial court will be upheld if the court's holding is correct, despite the fact that our reasons are different from those stated by the trial court. Kite v. Kite, 444 So.2d 863
(Ala.Civ.App. 1983)." (Emphasis in original.)
Lowe v. East End Memorial Hosp. and Health Centers,477 So.2d 339, 341 (Ala. 1985).
In addition, when reviewing a summary judgment, this Court will look at the record in the light most favorable to the nonmoving party and will resolve all reasonable doubts against the moving party. Sanders v. Kirkland Co., 510 So.2d 138, 142
(Ala. 1987). Using this standard, we will examine the theories under which Goodwin sought recovery, to determine if the partial summary judgment was correct.
This is not a situation where the plaintiff has presented no evidence, beyond mere conclusory allegations, to rebut the motion for summary judgment. In cases where this lack of controverting evidence is shown, summary judgment may be properly entered. The standard to use in such a situation has been provided by this Court:
 "It is well settled in Alabama that when a motion for summary judgment is made and the moving party has met its burden [of showing there is no genuine issue of material fact left in the case], the opposing party may not rest upon the mere allegations or denials of the pleadings. The opposing party must instead set forth sufficient facts showing a genuine issue for trial. E.g., Eason v. Middleton, 398 So.2d 245 (Ala. 1981); Powell v. South Central Bell Telephone Co., 361 So.2d 103 (Ala. 1978); Rule 56(e), ARCP. Furthermore, the purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists and the court has no alternative but to consider the evidence uncontroverted where, as here, the opponent fails to contradict the *Page 1174 
evidence presented by the moving party. [Citations omitted.]"
Garrigan v. Hinton Beef Provision Co., 425 So.2d 1091, 1093
(Ala. 1983).
In the present case the trial judge appears to have based his ruling on the fact that Goodwin's lawyer was not present at the hearing on the motion for summary judgment. The fact that a party is not present at a summary judgment hearing does not mean the moving party's motion should automatically be granted. The judge must look at all of the facts before him to determine whether any genuine issues of material fact exist. If such issues are present, the motion for summary judgment should be denied, even if the party opposing the motion does not appear at the hearing.
 "It is the law in Alabama, as well as in the federal courts, that a trial court may properly consider any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for summary judgment. Morris v. Morris, 366 So.2d 676
(Ala. 1978). See also, 10 C. Wright A. Miller, Federal Practice and Procedure § 2721 (1973). We therefore hold that all evidence of record, as well as that evidence formally submitted in support of or in opposition to a motion for summary judgment, should be considered in ruling on the motion." (Emphasis in original).
Fountain v. Phillips, 404 So.2d 614, 618 (Ala. 1981).
A deposition, if properly before the trial court prior to the submission of the motion for summary judgment, is sufficient to present issues of fact that can be used to defeat a motion for summary judgment. Duffy v. Bel Air Corp., 481 So.2d 872, 873
(Ala. 1985). Thus, the partial summary judgment in the present case was proper only if Goodwin's deposition presented no genuine issues of fact.
The first cause of action Goodwin sought recovery under was one based on breach of contract. Goodwin sought recovery for the alleged breach of the agreement whereby Miller or its agents were alleged to have promised to allow Goodwin adequate striping work to pay for the van. Viewing the facts in the light most favorable to Goodwin, we find that, if any employment relationship existed between Goodwin and Miller at all, it was one of employment at will.
 "An oral contract that contains no specifics concerning term, length, or duration is considered one of employment-at-will. Scott v. Lane, 409 So.2d 791 (Ala. 1982). Contracts without a fixed term are terminable at the will of either party and may be terminated for any cause or for no cause. Bates v. Jim Walter Resources, Inc., 418 So.2d 903
(Ala. 1982)."
Hickenbottom v. Preferred Risk Mut. Ins. Co., 514 So.2d 881,882 (Ala. 1987).
There are no facts in the record to support any conclusion except that at the most Goodwin was an employee at will; therefore, summary judgment was properly entered on the contract claim. Because there was no breach of an employment contract, summary judgment was also properly entered on the claim for outrageous conduct based on this alleged breach.
Even if the underlying claim for breach of contract had been a valid one, Goodwin has shown no facts to support a claim for outrageous conduct. The tort of outrageous conduct has been recognized by this Court and has been defined as follows:
 "[W]e now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme."
American Road Service Co. v. Inmon., 394 So.2d 361, 365
(Ala. 1981).
Under the Inmon standard, Goodwin has failed to show any outrageous *Page 1175 
conduct or severe emotional distress that could support a claim of outrage; therefore, the trial judge properly entered summary judgment on this count. Even if we assume that Goodwin was an employee at will, the acts of Miller and its agents in terminating this employment were not so extreme as to warrant liability for outrageous conduct.
The other three counts that summary judgment was entered on were based on malicious prosecution, outrageous conduct based on this malicious prosecution, and false imprisonment. All of these claims relate to the prosecution of Goodwin for allegedly violating Code 1975, § 13A-9-13.1. Because the facts, when viewed in the light most favorable to Goodwin, present genuine issues regarding the malicious prosecution claim, the summary judgment on this claim was improper. However, Goodwin has presented no facts that would allow him to proceed under his outrage or false imprisonment claims, so the summary judgment was proper as to these two counts.
Goodwin has provided genuine issues of fact on all of the elements of a malicious prosecution claim, so he will be allowed to proceed to trial on this point.
 "The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage"
Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214
(Ala. 1987).
It is uncontroverted that Goodwin was prosecuted for the issuance of a worthless check, based on a complaint filed on Miller's behalf, and that he was found not guilty. Miller argues that there was no lack of probable cause shown by Goodwin and, therefore, that he can not recover under this theory. The "probable cause" element of a malicious prosecution claim has been discussed by this Court:
 " 'It is axiomatic that a charge of malicious prosecution must be supported by proof of a lack of probable cause and malice.' Liberty Loan Corp. of Gadsden v. Mizell, 410 So.2d 45, 48 (Ala. 1982).
 'Probable cause in malicious prosecution cases is that state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail.' Allen v. Molton, Allen Williams Realty Co., 495 So.2d 27, 30 (Ala. 1986). It is the plaintiff's burden to prove that probable cause did not exist when the prior suit was instituted. Gulf States Paper Corp. v. Hawkins, 444 So.2d 381, 388
(Ala. 1983)."
Davidson v. Davidson, 510 So.2d 199, 200 (Ala. 1987).
The deposition of Goodwin supplies enough of a factual dispute to meet this standard for showing lack of probable cause. According to Goodwin, at the time the check was signed, he told the agents of Miller that there were not sufficient funds to cover it. These agents of Miller filled in the remainder of the check and allegedly assured Goodwin that the check would not be presented for payment. Under this set of facts, it is at least arguable that Miller did not honestly believe the charge against Goodwin would prevail. Such circumstances, if proved, could satisfy the requirement of malice as well. Finally, Goodwin has alleged damages as a result of this prosecution. Because Goodwin has met his burden on each element of the claim for malicious prosecution, summary judgment was not proper. We agree with the appellees that malicious prosecution is not an action that is favored by the law (Cutts v. American United Life Ins. Co., 505 So.2d 1211
(Ala. 1987)), but, under the totality of these circumstances, we do not agree that the trial court properly disposed of the plaintiff's claim by way of summary judgment.
As previously noted, the standard adopted by this Court inInmon governs the tort of outrageous conduct in Alabama. Applying this standard, we hold that the facts presented by Goodwin in support of his outrage claim fail as a matter of law. He has failed to show any extreme conduct or the type of severe injury necessary to recover under this cause of action. Thus, the summary judgment was proper as to this claim. *Page 1176 
Summary judgment was also proper on the count seeking damages for false imprisonment. Goodwin was arrested and jailed under a warrant properly issued by a magistrate. The fact that there is a controversy over whether Miller had reasonable cause to have the warrant issue does not affect the underlying validity of the warrant itself. In a case dealing with similar circumstances, the Court of Civil Appeals discussed the relationship between an action for malicious prosecution and one for false imprisonment.
 "Plaintiff was arrested under a valid warrant issued by the assistant clerk of the Municipal Court of Montgomery County [sic]. And if an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is 'false,' and, as a consequence, the complaining party's action must be one for malicious prosecution."
Blake v. Barton Williams, Inc., 361 So.2d 376, 378
(Ala.Civ.App. 1978).
Therefore, we affirm the partial summary judgment as to all of the claims, except for the one seeking recovery for malicious prosecution. The fact that our partial affirmance is based on grounds different from those relied on by the trial court does not alter this result. Because Goodwin has presented genuine issues of material fact on his malicious prosecution claim, see Rule 56, A.R.Civ.P., the summary judgment is reversed as to that claim, and the cause is remanded to the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] Summary judgment was not sought on Counts II and III of Miller's complaint, which charged fraud and deceit, respectively.