STEAGALL, Justice.
This appeal is from a summary judgment entered by the trial court in favor of the defendants, Arrow Rents, Inc.; Malcolm T. Rich; and Wayne Collette.
On April 17, 1986, Joel Priester, as lessee, and Arrow Rents, as lessor, entered into a 30-day equipment rental lease. Priester retained the equipment beyond the contract’s termination date. Priester made only one payment ($99 on July 8, 1986) for the use of the equipment. Arrow Rents made repeated telephone calls and sent bills and letters notifying Priester of its demand for the return of the equipment and payment for its use. Additionally, Priester was notified of Arrow Rents’ intent to institute a criminal action for conversion in the event he did not comply with its demands. Priester failed either to return the equipment or to pay for its use. On February 17, 1987, Arrow filed a complaint in the Montgomery County District Court against Priester, alleging theft of property by fraudulent rentals, as pro *867 scribed by Ala.Code 1975, § 13A-8-140 (1988 Cum.Supp.), enacted in April 1986. A warrant was issued and Priester was subsequently arrested and charged. Following his arrest, Priester returned the equipment to Arrow Rents. The felony charges against Priester were dismissed by the trial court, because the statute under which Arrow Rents had Priester arrested had been enacted subsequent to the date of the contract arrangement between the two parties.
On May 8, 1987, Joel and his wife Joy Priester sued Arrow Rents, Rich, and Col-lette (hereinafter collectively referred to as “Arrow Rents”), alleging malicious prosecution, abuse of process, false arrest, and intentional infliction of emotional distress. The Priesters sought a total of $225,000 in compensatory and punitive damages. Arrow Rents filed a counterclaim against Joel Priester, alleging breach of the equipment rental lease. Arrow Rents and the Pries-ters filed motions for summary judgment. On September 22, 1987, after a hearing at which it heard argument on the motions, the trial court entered summary judgment in favor of Arrow Rents. The Priesters appeal.
The sole issue on appeal is whether the trial court erred in entering summary judgment for Arrow Rents. This Court has previously stated:
“It is well settled that summary judgment is proper only where the moving party has clearly shown the absence of any genuine issue of material fact and is entitled to judgment as a matter of law.”
Osborn v. Johns, 468 So.2d 103, 108 (Ala.1985). See Rule 56(c), A.R.Civ.P.
The Priesters contend that Arrow Rents did not submit any evidence in support of its motion for summary judgment and that the trial court improperly granted the motion. We disagree. “Under Alabama law, ... a trial court pursuant to Rule 56 may properly consider any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for summary judgment.” Kutack v. Winn-Dixie Louisiana, Inc., 411 So.2d 137, 139 (Ala.1982) (emphasis original) (citation omitted). In its motion, Arrow Rents properly made reference to the pleadings and to the depositions and other discovery materials on file. Thus, this motion was well taken and was appropriately heard.
On appeal, the Priesters contend that Arrow Rents failed to show that no genuine issue of material fact existed as to the alleged malicious prosecution of Joel Pries-ter. This Court has previously enumerated the elements of a malicious prosecution:
“The elements of malicious prosecution are: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiffs favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as the result of the action or prosecution complained of. Evans v. Alabama Professional Health Consultants, Inc., 474 So.2d 86 (Ala.1985), citing Turner v. J. Blach & Sons, 242 Ala. 127, 129, 5 So.2d 93, 94 (1941).”
Higgins v. Wal-Mart Stores, Inc., 512 So.2d 766, 768 (Ala.1987).
The presence of the first three elements is undisputed. While the Priesters assert that genuine issues of material fact exist as to the elements of malice, probable cause, and injury or damage, upon a thorough review of the record, we cannot find a scintilla of evidence to support the Pries-ters’ contentions as to these elements. See Ezell v. Southland Corp., 541 So.2d 490 (Ala.1989); Ennis v. Beason, 537 So.2d 17 (Ala.1988). The judgment of the trial court is, therefore, due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.