Willis S. SANDERS, III, Plaintiff-Appellant,

v.

AMERIHEALTH, INC., a corporation, Defendant-Appellee.

No. 89–7111.

United States Court of Appeals, Eleventh Circuit.

April 12, 1990.

Jay J. Levit, Levit & Mann, Richmond, Va., J. Paul Lowery, Montgomery, Ala., for plaintiff-appellant.

Oakley Melton, Jr., Montgomery, Ala., E. Scott Smith, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and SMITH *, Senior Circuit Judge.

PER CURIAM:

### Decision

Willis S. Sanders, III, (Sanders), appeals the order of the United States District Court for the Middle District of Alabama, granting defendant's motion for summary judgment in Sanders' action against Amerihealth, Inc. We affirm.

Sanders alleges that Amerihealth breached its employment contract with him when the company discharged him without sufficient cause. He contends that his employment with Amerihealth was not terminable at will and bases this contention on a statement allegedly made during pre-employment discussions by William G. White, the company's president and chief executive officer. According to Sanders, White said to him, "[A]s long as you do a good job for me, you've got a good future with this company...." White denied ever having said this to Sanders.

The district court resolved this, the only disputed factual issue in the case, in Sanders' favor and then proceeded to determine whether such a statement, when made as alleged, would create an employment contract that was not terminable at will under Alabama law. The court looked first at *Hickenbottom v. Preferred Risk Mut. Ins.*,[1] and concluded that "Alabama law holds that an oral employment contract that contains no specifics concerning term or duration is considered one of employment-at-will and may be terminated at the will of either party for any cause or no cause."[2] The district court went on to point out that, under Alabama law as set out in *Hoffman–LaRoche, Inc. v. Campbell*,[3] an employment contract is terminable at will unless it can be shown "(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration; (2) that the hiring agent had authority to bind the principal to a permanent employment contract; and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered."[4]

Having concluded that the statement, even if made as Sanders alleges, was not a clear and unequivocal offer of permanent or lifetime employment, the district court found Sanders' arguments concerning White's authority to bind Amerihealth and the consideration he gave immaterial. The court correctly found that, as a matter of law, the oral employment contract between Sanders and Amerihealth had not been transformed by this statement into one oth-

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. 514 So.2d 881 (Ala.1987).

2. *Sanders v. Amerihealth, Inc.*, No. 88–V–477–N, slip op. at 3 (N.D.Ala. Jan. 11, 1989).

3. 512 So.2d 725 (Ala.1987).

4. *Id.* at 728 (citations omitted).

er than a contract of employment-at-will. We agree.

The district court next considered Sanders' fraud claim. Since this claim involves alleged misrepresentations regarding future acts, the court found that *Selby v. Quartrol Corporation*[5] controlled. According to *Selby*, Sanders, in order to justify denial of summary judgment, would have to offer proof that Amerihealth made a false representation concerning a material fact on which he relied. He would also have to offer proof that Amerihealth, at the time of the alleged misrepresentation, intended not to perform and made the representation with a present intent to deceive.[6] This, the court found, Sanders had failed to do.

The court, finding that no dispute remained as to any material fact, granted summary judgment for Amerihealth. AFFIRMED.

---

5.  514 So.2d 1294 (Ala.1987).

6.  *Id.* at 1297.