[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

No. 11-10228
Non-Argument Calendar

_____

D.C. Docket No. 2:08-cv-02130-WMA

ALAIN J. EHRHARDT,

Plaintiff-Appellant,

versus

HADDAD RESTAURANT GROUP, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 18, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Alain Ehrhardt appeals the district court's grant of summary judgment in

favor of Haddad Restaurant Group, Inc. (Haddad), in his lawsuit alleging a

violation of the Alabama Age Discrimination in Employment Act (AADEA), Alabama Code § 25-1-20, *et seq.*, breach of contract, and fraud. Ehrhardt asserts the district court erred in granting summary judgment on his AADEA claim because he presented evidence that age was the "but-for" reason for his termination. He further contends the district court erred in granting summary judgment on his contract claim because even if he was an at-will employee, the terms of his compensation contract with his former employer were still binding and Haddad expressly agreed to honor those terms. Lastly, Ehrhardt asserts the district court erred in granting summary judgment on his fraud claim because Haddad's words and actions constituted a material misstatement and he relied on Haddad's promises of the same compensation scheme he had with his former employer. After review,[1] we affirm the district court.

---

[1] We review the district court's ruling on summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Id.* at 1341-42. "Summary judgment is appropriate if the record shows no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 1341.

I.

Under the AADEA, "[n]o employer . . . shall discriminate against a worker 40 years of age and over in hiring, job retention, compensation, or other terms or conditions of employment." Ala. Code § 25-1-21. The AADEA uses the same analytical framework as the federal Age Discrimination in Employment Act (ADEA). *Robinson v. Ala. Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007).

In *Gross v. FBL Fin. Servs., Inc.*, the Supreme Court held to establish a disparate treatment claim under the ADEA, "[a] plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." 129 S. Ct. 2343, 2351 (2009); *see also Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (noting "an ADEA plaintiff must establish 'but for' causality . . . the employer either acted 'because of' the plaintiff's age or it did not"). Even so, the Supreme Court expressly reserved the question of "whether the evidentiary framework of [*McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973)] . . . is appropriate in the ADEA context." *Gross*, 129 S. Ct. at 2349 n.2.

We have used the analytical framework from *McDonnell Douglas* in ADEA cases, like this one, where a plaintiff offers circumstantial evidence to prove a claim of discrimination. *See Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 n.6 (11th Cir. 2001) (noting "[a]lthough the *McDonnell Douglas* framework originally applied to Title VII cases, it is now widely accepted that the framework applies to claims of discrimination under the ADEA as well"). Since the Supreme Court did not explicitly overrule our precedent in applying the *McDonnell Douglas* test to ADEA cases involving circumstantial evidence, we review Ehrhardt's claims under both *McDonnell Douglas* and *Gross. See Gandara v. Bennett,* 528 F.3d 823, 829 (11th Cir. 2008) (stating "we are bound by the holdings of earlier panels unless and until they are clearly overruled *en banc* or by the Supreme Court").

*McDonnell Douglas* established a three-step process for analyzing discrimination claims: first, a plaintiff must establish a *prima facie* case of discrimination; second, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action; and third, the plaintiff must proffer evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment action. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). "If the plaintiff does not proffer sufficient evidence to create

4

a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." *Id.* at 1024-25. Rather than "simply quarreling with the wisdom of [the employer's] reason," the plaintiff "must meet that reason head on and rebut it." *Id.* at 1030. A plaintiff may demonstrate that an employer's reason is pretextual by identifying "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotations omitted).

As to his demotion from General Manager, Ehrhardt established a *prima facie* case of age discrimination under *McDonnell Douglas*. Further, Haddad proffered legitimate, non-discriminatory reasons for demoting Ehrhardt from General Manager: (1) poor sales and profits at the restaurant; and (2) Ehrhardt's poor management of employees. Ehrhardt has arguably challenged "head on" and rebutted one of Haddad's proffered reasons for the demotion. As to Haddad's reason that Ehrhardt poorly handled staff, there is little in the record indicating Ehrhardt had problems with staff.

However, Ehrhardt has failed to create a genuine issue of material fact regarding Haddad's other proffered reason for his demotion from General Manager–his poor performance as manager in terms of sales and profits at the restaurant. Rather than rebutting that reason, Ehrhardt simply second-guesses Haddad's business judgment in determining that his poor performance as General Manager was the reason for its declining sales. *See Chapman*, 229 F.3d at 1030 (providing a plaintiff may not substitute his business judgment for that of his employer's). Ehrhardt has not countered Haddad's determination that the restaurant had poor sales and profits during his tenure as General Manager. Thus, Ehrhardt has failed to establish that the decision to demote him from General Manager was pretext for age discrimination. *See id.* at 1037 (providing that if the employer proffers more than one legitimate, nondiscriminatory reason for an employment decision, the plaintiff must rebut each of the reasons to survive a motion for summary judgment).

As to the decision to terminate him as Beverage Director, we assume, *arguendo*, that Ehrhardt established a *prima facie* case of age discrimination. Haddad then proffered a legitimate, non-discriminatory rationale for the decision to terminate Ehrhardt–the elimination of the Beverage Director position based upon an economic determination that there was no reason to continue to employ

6

and pay commissions to a Beverage Director in a restaurant that was losing money. Again, rather than rebutting that reason, Ehrhardt second-guesses Haddad's business judgment in determining the position of Beverage Director was no longer economically prudent. Ehrhardt presented no evidence to show decisionmakers Nabil Haddad and Tony Karabaich did not believe the role of Beverage Director no longer made economic sense when they terminated his employment. *See Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (providing the inquiry into pretext centers on the employer's beliefs, not the employee's beliefs). Ehrhardt has thus failed to establish the decision to terminate him as Beverage Director was pretext for age discrimination.

Further, Nabil Haddad and Karabaich, the individuals who made the decision to demote and ultimately terminated Ehrhardt, were within the class of people protected by the AADEA. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991) (explaining the plaintiff's burden to show the discharge is motivated by age is more difficult when the decisionmaker is also within the class protected by the ADEA). Ehrhardt presented no evidence that either Nabil Haddad or Karabaich exhibited any age bias.

Moreover, Ehrhardt has failed to show he would not have been demoted or terminated "but for" his age, and, therefore, Haddad was entitled to summary

judgment under *Gross*. Ehrhardt has not shown age was "'the 'reason' that the employer decided to act," and he therefore cannot prevail under the *Gross* standard. *See Gross*, 129 S.Ct. at 2350. As discussed above, Ehrhardt did not show the reasons given by Haddad for his demotion and termination were not the actual reasons for his demotion or termination. By failing to establish the legitimate, nondiscriminatory reasons asserted by Haddad were not the true reasons for his demotion and termination, Ehrhardt also failed to show he would not have been demoted or terminated "but for" his age pursuant to *Gross*. Accordingly, the district court did not err in granting summary judgment to Haddad on Ehrhardt's AADEA claim.

II.

As to Ehrhardt's breach of contract and fraud claims, as a general rule, we will not consider on appeal issues that the appellant failed to raise before the district court. *See Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994). Ehrhardt filed no objection to the magistrate's report and recommendation (R&R), even after the magistrate gave notice to the parties that all objections were due within 14 days of the issuance of the R&R and that failure to object would limit appellate review. The failure to raise objections to a magistrate's R&R bars a party from

8

attacking on appeal factual findings adopted by the district court except upon grounds of "plain error or manifest injustice." *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). Ehrhardt concedes he is not challenging any of the factual findings of the magistrate on appeal, and therefore he has abandoned any argument that such factual findings were plainly erroneous or presented a manifest injustice. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (providing that issues not raised on appeal are deemed abandoned). However, we will review a district court's conclusions of law, regardless of whether a party objected to the magistrate's legal conclusions before the district court. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

## A. Breach of contract

In Alabama, an employment contract is terminable at-will unless it can be shown: "'(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration; (2) that the hiring agent had authority to bind the principal to a permanent employment contract; and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered.'" *Sanders v. Amerihealth, Inc.*, 898 F.2d 131, 132 (11th Cir. 1999)

(quotations omitted). At-will employment may be terminable with or without cause or justification. *Whitfield v. Finn*, 731 F.2d 1506, 1508 (11th Cir. 1984).

The magistrate concluded Ehrhardt was an at-will employee. Based on this unchallenged factual finding, Ehrhardt cannot demonstrate he was not an employee at-will under Alabama law. It follows that no contract existed between himself and Haddad, and he cannot establish a breach of contract. Accordingly, the district court did not err in granting summary judgment to Haddad on Ehrhardt's breach of contract claim.

## B. Fraud

Under Alabama law, the elements of fraudulent misrepresentation are: "(1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000); *see also* Ala. Code § 6-5-101.

The magistrate found Haddad never guaranteed Ehrhardt $50,000, but instead affirmed that Ehrhardt's salary would be $18,200, plus commissions, concluding "Haddad never said as a matter of fact that [Ehrhardt] would receive $50,000, but rather predicted that it should not be a problem." The magistrate

10

further found: (1) Ehrhardt had not shown that Haddad made that statement with the intent to deceive; and (2) Ehrhardt acknowledged Haddad likely thought that statement was true when he made it. Because Ehrhardt failed to establish that Haddad misrepresented a material fact or did so with the intent to deceive, he thus failed to state a *prima facie* case of fraud. Thus, the district court did not err in granting summary judgment to Haddad on the fraud claim.

## III.

The district court did not err in granting summary judgment to Haddad on Ehrhardt's AADEA, breach of contract, or fraud claims. Thus, we affirm.

**AFFIRMED.**

11